|  34 | 447 |
| 100 |  96 |
|  34 | 447 |
| 124 |  17 |

HILARY DURHAM, Respondent, *v.* JOHN F. DARBY, ADM'R OF HENRY DURHAM, Appellant.

*Practice—Partition—Final Judgment.*—The judgment, that partition be made, is interlocutory only ; the final judgment, from which an appeal lies, is the order of the court confirming the report of the commissioners, or directing a sale of the property. (R. C. 1855, p. 1122, § 68.)

*Practice—Partition—Appeal.*—Where the judgment of the court is for a partition of the property, and directs that the land be sold by the sheriff, the judgment is final, and the appeal must be taken at the same term at which such judgment is entered. An appeal taken at the succeeding term after the confirmation of the sheriff's report of sale, is taken too late, and the appeal will be dismissed.

*Appeal from St. Louis Land Court.*

*A. J. P. Garesché,* for respondent.

*G. Woodson,* for appellant.

BATES, Judge, delivered the opinion of the court.

This was a suit for partition of land. At the March term, 1859, of the St. Louis Land Court, judgment was given determining the rights of the parties, and, as partition in kind of the land could not be made without great prejudice to the owners, ordering a sale of the property without the appointment of commissioners.

At the subsequent October term of the court, the sheriff made a report of his sale of the property, which was confirmed by the court. The defendant moved the court to set aside the report of sale and the judgment of partition ; which motion was overruled, and the defendant appealed to this Court.

The appeal was taken too late. The judgment at the March term, when the order of sale of the property was made, was the final judgment from which the appeal should have been taken. (R. C. 1855, p. 1122, § 68.) There remained, then, nothing for the court to do in order to perfect the judgment. The statute does not require any action of the court upon the sheriff's report of sale, though of course the proper execution of the order of sale is under the control of the court, in like manner as it may control the execution of other orders; and if the court should err in its orders as to the execution of the order of sale, an appeal would lie to this court for the correction of such error. But the present case is intended to reverse the judgment rendered at the March term, and the appeal from that judgment was taken too late.

Appeal dismissed. Judges Bay and Dryden concur.