| 41 | 439 |
| 100 | 96 |

JOSEPH L. PAPIN, Respondent, *v.* AUGUSTUS A. BLUMENTHAL *et al.*, Appellants.

*Supreme Court—Practice—Partition—Final Judgment.*—No appeal lies from the judgment "that partition be made" until the final confirmation of the report of the commissioners. An entry made by the judge upon the copy of the order attached to the report of commissioners "approved," &c., is not a judgment of the court. A judgment of confirmation of the report should be entered upon the record. The entry of an order refusing to sustain a motion to set aside the report, is not a final judgment in the cause. A judgment of partition and order of sale may be set aside at a term subsequent to that of the entry of the judgment, all the parties consenting,

*Appeal from Franklin County Circuit Court.*

*Jno. N. Straat, Knox & Smith,* and *Geo. P. Strong,* for appellants.

*Glover & Shepley,* for respondent.

HOLMES, Judge, delivered the opinion of the court.

This was a suit in partition. In 1856, there was a judgment of partition which ascertained the rights and interests of the parties and ordered a sale of the property by the sheriff. This judgment was affirmed on appeal, in Papin v. Massey, 27 Mo. 445; 24 How, (U. S.) 362. The decision was final and conclusive so far. Nothing remained to be done but to carry the judgment into execution by further proceedings in accordance therewith. Properly there would have

been a sale by the sheriff, under the statute, according to the order made. Nothing of the kind was done.

But it appears by the record that, in 1864, all the parties, both plaintiff and defendants, Blumenthal and Whitmore appearing in their own proper persons, consented and agreed that the previous order of sale should be set aside, and that the court should make a new order appointing commissioners to make partition of the land in kind. We suppose this might be done by the consent and agreement of all the parties. The order was made accordingly.

A report was made by these commissioners, and on the 29th of September, 1864, an endorsement was made upon a copy of the order attached to the report in these words, "Approved: J. W. Owens, Judge," and the document was filed. We do not find by the record that any final judgment of confirmation has ever been entered, upon the coming in of this report, that such partition "be firm and effectual forever," in accordance with the statute—R. C. 1855, p. 1115, § 26. The mere approval by the judge is certainly no such judgment. Nor does there appear to be any final judgment in these proceedings from which an appeal would lie to this court. The refusal of the court below to sustain the appellants' motion to set aside the report was not a final judgment. Before a final judgment could properly be rendered, upon the filing of the report, there should have been time given and an opportunity allowed to the parties to file exceptions to the report. These exceptions being disposed of, there should have been a final judgment of confirmation before the case came here—McMurtry v. Glascock, 20 Mo. 432.

There appears to be a dispute about the authority of a certain attorney to act for some of the parties. It is scarcely possible for us to understand the merits of this controversy.

We see no better way than to dismiss this appeal and leave the parties to further proceedings in the court below upon this report as made. If any of them are dissatisfied with the report, let them file their exceptions, and have them passed upon by the court. If the report be found to be just and

proper, a final judgment of confirmation can be entered ; or if otherwise, it can be set aside and new commissioners appointed—R. C. 1855, p. 1114, § 25.

If there were any fraud or mistake as to the agreement to a modification of the former order, we suppose there may be a proper way of reaching that matter.

The appeal will be dismissed at the cost of the appellants, with leave to any of the parties to except to the report or move to have it set aside.

Judge Wagner concurs ; Judge Fagg absent.