Hinds v. Stevens et al.

---

Cordelia A. Hinds, Plaintiff in Error, v. Rhoda Stevens *et al.*, Defendants in Error.

1. *Partition — Wife of coparcener can not be party.*—It is unnecessary to make the wife of a person interested in the partition of lands a party to a proceeding for partition therein. (Lee v. Lindell, 22 Mo. 202.) If the land be divided in specie, her inchoate right attaches at once to her husband's share. If it be sold, she has no claim to any portion of the proceeds

2. *Dower — Act of 1855 touching partition — Death of husband after judgment and before sale.*—Under the act of 1855, touching partition (R. C. 1855, ch. 119), the judgment of sale was the final action of the court, and the wife of a coparcener, becoming a widow after judgment and before the sale, can not be made a party and have her interest ascertained by the court. She must look to the sheriff for her portion of the proceeds of the sale.

*Error to First District Court.*

*Ewing*, and *Smith*, for plaintiff in error.

Sale of land in partition unquestionably divests the inchoate dower of the wife. (Lee v. Lindell, 22 Mo. 202; Jackson v. Edwards, 22 Wend. 498.) If the sale takes place after the

husband's death, she would have the same interest in the money as though it were received by her husband while living. Her interest in the money would attach at his death, just as that right or interest would attach to the parcel of land were it assigned him in the partition.

*Lay & Belch*, for defendants in error.

Plaintiff's right of dower having attached before the sale of the land to which this right attached, it could not be divested without a voluntary relinquishment by her, or by a court having jurisdiction over her and the subject-matter. She must have been a party. (R. C. 1855, ch. 119, §§ 3, 4; Sto. Eq. 629–30; Lee v. Lindell, 22 Mo. 202.) The case of Lee v. Lindell does not go so far as to decide that when the husband died seized the dower was divested by subsequent sale.

BLISS, Judge, delivered the opinion of the court.

In 1859, the husband of plaintiff, and others, filed their petition for partition in the lands belonging to their father's estate, and after the usual order of partition and report of commissioner that the property could not be divided without great prejudice, etc., at the October term, 1862, final judgment was rendered that the lands be sold, and the proceeds divided. After the judgment and before the sale, the husband of plaintiff dies, and the record does not show what was done with the proceeds of the sale. The present plaintiff now comes into court and presents her petition for dower in her said husband's interest, in the lands so ordered to be sold, and claims that inasmuch as she was not a party to the original proceeding, and especially as the property was not sold until after her husband's decease, her claim is not barred.

Since the decision of this court in Lee v. Lindell, 22 Mo. 202, it has never been deemed necessary to make the wife of a person interested in the partition of lands a party to a proceeding for partition. The statute does not expressly require it, and I can not conceive of any interest she can have in the result more than in any other suit touching the realty. If the land be divided in specie, her inchoate right attaches at once to the land thus set

apart to the husband in severalty; and if it be sold, I know not how it would be possible to so estimate the value of that shadowy right, as to pay her, or invest for her, any portion of the proceeds of the sale. The very broad language in relation to parties to proceedings in partition was substantially the same in the statute of 1835, under which Lee v. Lindell was decided, as in that of 1855, covering the proceedings in question. Too many titles would be affected to permit any change now in the ruling upon that subject, even if we were not satisfied with its original correctness.

The only question, then, open to consideration pertains to the effect of the sale after the death of the co-parcener. This proceeding in partition was had under the act of 1855, and by that act the order or judgment of sale was the final judgment in the premises. No report by the sheriff was required, and he could make distribution of the proceeds upon his own responsibility. This court, in Durham v. Darby, adm'r, etc., 34 Mo. 447, intimates a general power of control by the court over the execution of the order, but distinctly holds, as bound to do by that statute, that the judgment of sale was the final action by the court. The present law (Wagner's Stat. 972, §§ 38, 39) expressly requires the sheriff to "report his proceedings to the court," and that distribution be made by judgment—a change intended both to protect the sheriff and any rights that may have intervened since the former proceedings.

The order of sale being the final judgment, and disposing of the whole matter so far as that case is concerned, I know of no way in which the widow, becoming such after judgment, could be made a party. Upon the death of the husband, her interests and consequent rights become clear and specific; and if the case were still in court, she should be made a party, that that interest might be ascertained and those rights protected in the pending suit. But the case having, under that statute, gone out of court, she can not be made a party, and must look to the sheriff for her portion of the proceeds of the sale. This record shows nothing in relation to the sheriff's action, but it must be presumed that he did his duty and paid her all she was entitled to, and this court can not give her more.

The record is grossly imperfect. We have indicated the principles that ought to govern the case, but we can not affirm the judgment of the Circuit Court, for the record does not show any regular judgment.

The judgment of reversal by the District Court is affirmed, and the case remanded to the Circuit Court for further action in accordance with this opinion. The other judges concur.