OF

# The State of Missouri

AT THE

## OCTOBER TERM, 1880.

*(Continued from Volume 72.)*

---

### MURRAY v. YATES, *Appellant.*

**Final Judgment in Partition:** PETITION FOR REVIEW. Under the present statute, where land is ordered to be sold for purposes of partition, there is no final judgment till the sheriff's report of sale is filed and an order is entered approving the same and directing distribution of the proceeds. The order of partition and sale is not a final judgment. The three years allowed for filing a petition for review in certain cases, (R. S., § 3684,) commence to run from the date of the order of distribution.

| | |
|---|---|
| 73 | 13 |
| 97 | 639 |
| 73 | 13 |
| 100 | 97 |
| 73 | 13 |
| 118 | 361 |
| 73 | 13 |
| 124 | 18, |
| 73 | 13 |
| 133 | 347 |

*Appeal from Gentry Circuit Court.*—HON. S. H. RICHARDSON,
Judge.

REVERSED.

*Geo. W. Lewis, Bennett Pike* and *Vinton Pike* for appellant.

*John Edwards* for respondents.

HOUGH, J.—On the 24th day of January, 1876, Mary Yates, one of the defendants in the above entitled cause, filed, in the office of the clerk of the Gentry county circuit court, a petition to review and set aside the judgment theretofore rendered in said cause, in said court. The petition is entitled as above, and is as follows: "Mary Yates, one of the defendants in the above entitled cause, states that at the September term, 1872, of the circuit court for Gentry county, an interlocutory judgment was rendered in the above entitled cause by said court for the partition and division of the following described lands, situated and being in Gentry county, among the above named parties, to-wit: The south half of the northwest quarter of the southwest quarter, and the northwest quarter of the northwest quarter, both of section number 8, and the west half of the southwest quarter of section number 5, all in township number 64, of range number 30, containing 140 acres, more or less. And the same was ordered by the court to be sold upon the terms named in said judgment, that is, one-third of the purchase money in hand, one-third on a credit of twelve months and the remaining third on a credit of two years; that at the March term, 1873, of said circuit court, the said lands were sold by the sheriff of said county, in pursuance of the order of the said court, to the plaintiff, R. B. Murray, and the defendant, Solomon Fist, for the sum of $458, and at the same term of said court the sheriff filed his report of the sale of said lands, and

said cause was continued to await the collection of the purchase money unpaid; that afterwards, to-wit: at the September term, 1875, of said court, said sheriff made to said court his final report of the collection of the balance of the purchase money for said lands, and at said term, to-wit: on the 11th day of September, 1875, said report was approved by the court and final judgment in said cause was rendered by the court, as required by law in such cases, directing the money to be paid out by the sheriff in accordance with the rights of the parties as ascertained and declared by the said court in said interlocutory judgment, and deeds were ordered to be made to the purchasers of said lands by said sheriff; that this defendant was, at the time said suit was brought, has hitherto been, and is still, a non-resident of this State, and was notified of the pendency of this suit by publication of notice of suit and not by summons, and at no time appeared in said action as defendant, or otherwise, or had actual notice of the same till long after said lands were sold." The petition then proceeds, in compliance with the statute, to state wherein the allegations of the petition on which the judgment of partition was rendered, were materially untrue as to the petitioner's interest, and prays that said judgment may be set aside and that she may be admitted to defend. The circuit court dismissed the petition for review, being of opinion that the judgment of partition and sale rendered at the September term, 1872, was the final judgment in said cause, and that the petition for review should, therefore, have been filed within three years from that date. The sole question before us for determination, therefore, is, whether the judgment of partition and sale made in 1872, was a final judgment.

In the case of *Durham v. Darby*, 34 Mo. 447, decided under the Revised Statutes of 1855, it was held that the judgment of partition and sale was the final judgment. The court observed in that case that the statute did not require any action by the court upon the sheriff's report

of sale, and that nothing remained to be done in order to perfect the judgment. The statute under which this decision was made was amended in the revision of 1865, so as to require an order of distribution of the proceeds of the sale to be made by the court after the sheriff shall have reported his proceedings under the order of sale. This change in the statute, it was said by this court, in the case of *Hinds v. Stevens*, 45 Mo. 209, was intended "both to protect the sheriff and any rights that may have intervened since the former proceedings;" and it is plainly intimated by further observations of the court in that case, that while under the statute of 1855, the case was ended and out of court after the judgment of sale, such would not be the case under the statute of 1865, and that even after such judgment new parties might be admitted and their interests ascertained and protected. A corresponding and very significant change, not alluded to in the case just cited, was also made in section 68 of the statute of 1855, regulating appeals in partition suits. That section provided that "on all final judgments to be given upon partition made, or upon any order of sale of the premises mentioned in any petition, it shall be lawful for any of the parties to such judgment to appeal, or bring a writ of error thereon, within the same time and under the same restrictions and regulations applicable to others cases." By the revision of 1865, the first and second clauses of this section were amended so as to read as follows: "On all final judgments in any suit under this chapter, it shall be lawful," etc. This change was evidently made in consequence of the change requiring action by the court on the report of the sheriff, and favors the view suggested in *Hinds v. Stevens, supra,* that a judgment of partition and sale was not to be regarded as a final judgment under the statute of 1865. In *Pomeroy v. Allen*, 60 Mo. 530, it was held that the report of the sheriff of his proceedings under the order of sale must be approved by the court before any deed can be executed by him; and in *Parkinson v. Caplinger*, 65 Mo. 290, it was

held that until such approval and an order of distribution, the case is still pending, and that the report of the sheriff, the approval of the court and the order of distribution correspond to the report of the commissioners, the approval of the court and the judgment that the partition or distribution, in kind, be firm and effectual forever. Following these decisions, we hold that the petition for review was filed in time, and the judgment will, therefore, be reversed and the cause remanded. The other judges concur.