HOLLADAY, *Appellant*, v. LANGFORD.

1. **Partition:** JUDGMENT: ESTOPPEL, A judgment in partition estab lishes the title to the land which is the subject of the partition suit and in an action of ejectment upon an adverse possession or an adverse title, existing at the date of the partition, it is final and con clusive upon all parties to the record.

2. ———: ———: ———. A party to a partition suit cannot recover the partition premises upon a title acquired by him during the pendency of the partition proceeding and prior to the final decree therein.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*George A. Castleman* for appellant.

(1) The deed of Castello, sheriff, to James M. Hughes and others, parties to this cause, prior to suit in partition, could not establish an "outstanding title," and fur-

nished no defence in the cause; besides that deed was subsequent to deed of trust made by Sigerson. (2) If there was any duty to set up, in the partition cause, the title acquired by Holladay, subsequent to the decree in that cause, then it was more the duty of Tracy, as he was plaintiff in the cause, and he cannot invoke his own mission as an estoppel against other parties. (3) While it may be admitted that all parties to the record in the partition cause are concluded by the adjudication of the title upon that date, they are not concluded upon a title subsequently acquired and in no way in conflict with it. (4) As a party in interest and to the cause, Tracy must have known the state of this title; and, even if he were not a party to the suit, Holladay had, by recording the deed to himself, notified Tracy of his exclusive title to lot number forty. The statutes make the filing and recording notice to the world, and Tracy will not be heard to say that he was ignorant of the title. R. S., sec. 679. For "to enable a man to set up title by estoppel, the party must have been ignorant of the true state of the title at the time he took it, or been without means of ascertaining it by reference to records." Herman's Law of Estoppel, sec. 422; *Wood v. Griffin*, 46 N. H. 237; *Gore v. White*, 20 Wis. 430; *Hill v. Epley*, 31 Pa. 334. "When a title has been once duly recorded no responsibility will arise from a failure to take further steps to warn subsequent purchasers who may fairly be presumed to have taken the means pointed out by law and acquired all the knowledge which it is important for them to have." Herman's Law of Estoppel, sec. 427; *Fisher v. Waserman*, 11 Ohio, 542; *Knauff v. Thompson*, 16 Pa. 357; *Hill v. Epley*, 31 Pa. 331. (5) The sheriff conveyed in his deed "all the right, title and interest" of the parties to Tracy; but the sheriff was acting under the judgment of partition, and was executing it. This decree was his power and indicated what he was to sell, *i. e.*, the estate held in trust by William M. Hughes for himself

:and other parties.   He could not sell more than he was
·empowered to sell.   (6) At the date of the decree, the
·original deed of trust made by Sigerson was only a *lien*
upon the property.   The parties to it need not have been
and were not parties to the cause,   *Hull v. Lyon*, 27 Mo.
570.   (7) Title acquired under the deed of trust subse-
quent to the decree in partition is good even in favor of a
party to that cause.   *Watson v. Priest*, 9 Mo. App. 264.

*E. T. Farish* for respondent.

. (1) There is no error in the record.   (2) The motion
for a new trial raises no objections which can be con-
sidered by this court.   The only ground specified in the
motion is that the court erred in construing the law ;. by
it the error complained of is not indicated ; the objection
is too vague and indefinite.   It would seem that the ap-
pellant objected to some ruling of the court in regard to
the sufficiency of the advertisement of notice of fore-
·closure of deed of trust, but the record shows that the
objection of the defendant was overruled and the deed
admitted in evidence.   So that this court is left at last to
conjecture as to what was the ground of the decision of
the court below.   (3) But if the proceedings of the court
below were subject to attack, and this court will look
into the record to find support for the judgment, it is ag
easy matter to sustain the action of the court in givinn
judgment for the defendant.   · The plaintiff was a party
to the partition proceeding, in which there was a
final decree and order of distribution in April, 1873.
The plaintiff took his portion of the proceeds of said sale,
including a portion of the money paid for this very prop-
erty by his co-tenant, John H. Tracy, the lessor of the
·defendant in this case, and by such act is estopped to
assert outstanding or adverse title.   W. S., sec. 39,
p. 971 ; Herman on Estoppel, 419 ; Freeman on Judg-
ments, sec. 304 ; *Sanderson v. Balance*, 2 Jones Eq. 323 ;

*Ryder v. Rubber Co.*, 4 Bosw. 169; *McCormick v. McMurtrie*, 4 Wall. 192; *Carr v. Wallace*, 7 Wall. 394; *Garner v. Bird*, 57 Barb. 277; 14 Serg't & R. 27; *Moody v. Van Dyke*, 4 Bum. 31; *Bell v. Haines*, 10 Serg't & R. 43. (4) The partition suit was pending in court some four years after Holladay's claim of title accrued under the foreclosure of the Sigerson deed of trust. The judgment in partition settled and established the title to the land and excluded the assertion by any party to the record of any title acquired prior to the final judgment in partition. *Jones v. Shanton*, 11 Mo. 433; *Forder v. Davis*, 38 Mo. 107; *Pentz v. Kuester*, 41 Mo. 447; *Parkinson v. Caplinger*, 65 Mo. 292; *Durham v. Durham*, 34 Mo. 447; *McMurtry v. Glasscock*, 20 Mo. 432.

NORTON, J.—This is a suit in ejectment, begun in the circuit court of St. Louis county in 1877 to recover a parcel of land in the subdivision of the common of Carondelet, south of the river Des Peres, of 39-98 arpens, known as lot forty of said subdivision. On the trial defendant had judgment which, on plaintiff's appeal, was affirmed by the St. Louis court of appeals, and from which plaintiff appeals to this court. On the trial it was agreed that defendant was in the possession of the land sued for as the lessee of John H. Tracy; that on the twenty-eighth of March, 1857, John Sigerson was seized in fee-simple of the land in controversy.

The plaintiff put in evidence a deed of trust executed by Sigerson the twenty-eighth of March, 1857, conveying among other property, the lot in controversy to secure the payment of a note for five thousand dollars. Default having been made in the payment of said note, the trustee, Williams. on the thirtieth of November, 1869, sold the said lot to the plaintiff, Jesse Holladay, and executed and delivered to him a deed for the same which was duly recorded on the sixth of December, 1869.

The defendant, in support of her title, put in evi-

dence the record and proceedings in a partition suit in the circuit court of St. Louis county, in which Emma Sanderson and other new plaintiffs and the plaintiff in this suit, Jesse Holladay, and others were defendants; from which it appeared that in the petition for partition it was alleged that James M. Hughes held the title to the property therein described, among which was included the property sought to be recovered in this suit, to the following uses and trusts, viz.: To his own use four-fifteenths, to use of George B. Sanderson four-fifteenths, to use of Thomas Marshall four-fifteenths, to use of Jesse Holladay three-fifteenths; and that Holladay, in the answer filed by him, admitted that the legal title was in Hughes as avered in the petition, and alleging that he was the owner of an undivided one-fifth of said lands. It also appeared from the record in said cause that on the second of May, 1863, the court found that Hughes was seized in fee of the property described in the petition, to the uses and trusts stated in the petition, and decreed partition accordingly and appointed commissioners to make the partition according to the rights of the parties as adjudged.

It further appears that the commissioners made report, which was set aside, and on the twenty-fourth of December, 1872, a renewed order was made for the sale of the land, in pursuance of which it was sold by the sheriff, at which sale a large proportion of the property was purchased by Holladay and a large portion purchased by John H. Tracy, including lots sixty-one and sixty-two; that the sheriff made report of sale, which was on the twentieth day of February, 1873, approved by consent of parties, and the sheriff was directed to make deeds, and after paying costs to pay over the balance of the proceeds to the parties entitled. It further appears that on the seventh of April, 1873, a final decree and order of distribution was made, by which there was decreed to be paid Holladay the sum of $3,508.79 for his share of three-

fifteenths of the proceeds of the land sold. Defendant also put in evidence the deed of the sheriff conveying to Tracy the said land purchased by him, and, also, a lease from said Tracy to defendant. The cause was submitted on the above state of facts without any instructions having been asked or given, and judgment was rendered for defendant, from which plaintiff appealed to the St. Louis court, where the judgment was affirmed, and from which the plaintiff has appealed to this court.

Under the facts in evidence we cannot see how any other judgment could have been rendered than the one which was rendered. The title acquired by Holladay in 1869, and upon which reliance is placed for recovery of the land in question, was acquired while the proceedings in the partition suit were in progress, and more than three years prior to the order of sale made in 1872, or nearly four years prior to final order of distribution, made in April, 1873, under which he was entitled to receive three-fifteenths of the price paid by Tracy for the land in controversy. The participation of Holladay in the partition proceedings; his assertion in his answer that the title in fee to the land in suit was in Hughes in trust for himself and others; his receipt of his proportion of the proceeds of the sale, according to the doctrine announced by Herman on Estoppel, 419, and Freeman on Judgments, section 304, estops him from setting up the title acquired by him in 1869, it having been acquired more than three years prior to the order of sale.

Besides this, under section 3376, Revised Statutes, the deed made by the sheriff to Tracy is a bar against all persons interested in the partition proceedings, who were made parties to it, and against all other persons claiming under them, or either of them. In the case of *Forder v. Davis*, 38 Mo. 108, it was held that a judgment in partition establishes the title to the land which is the subject of partition, and in an action of ejectment upon an adverse possession or an adverse title existing at the date

òf the partition it is final and conclusive upon all parties to the record, and in the cases of *Durham v. Darby, Adm'r, etc.,* 34 Mo. 447, and *Parkinson v. Caplinger,* 65 Mo. 292, it is held that a judgment that partition be made is only interlocutory, and that the final judgment is the order of the court confirming the report of the commissioners or directing a sale of the property. Inasmuch, therefore, as the adverse title relied upon by Holladay was acquired by him in 1869, during the pendency òf the partition proceedings and prior to the final decree òr order of sale made in 1872, and was not set up by him before said final judgment under the ruling òf this court in the case of *Forder v. Davis, supra,* he cannot now be heard to set it up as against the purchaser at the partition sale. Judgment affirmed, in which all concur.