Bobb v. Graham.

BOBB v. GRAHAM *et al.*, *Appellants.*

1.  Partition: JUDGMENT, EFFECT OF.  A judgment in a partition suit establishes the title of the parties thereto to the land partitioned, and is conclusive as to any adverse claim of title, or of possession on their part existing at the time of its rendition.  (Affirming *Holladay v. Langsford*, 87 Mo. 577).

2.  ———— : ————.  A party to a partition suit cannot recover the partitioned premises upon any title acquired by him prior to the final decree in said suit.

*Appeal from St. Louis Court of Appeals.*

REVERSED.

*Dyer, Lee & Ellis* for appellants.

(1)   The circuit court erred in admitting in evidence the sheriff's deed to John H. Bobb, based upon the sale of the property levied upon under the execution in the case of *Lewis v. Bobb*, because plaintiff is estopped by the decree in partition in the case of *Zelle v. Bobb* from asserting any right, title, or interest, as against the title vested in Cora B. Taylor, to the land in controversy by the final decree in partition.  *Murray v. Yates*, 73 Mo. 13 ; *Forder v. Davis*, 38 Mo. 115 ; *Picot v. Page*, 26 Mo. 421 ; *Venable v. Beauchamp*, 3 Dana, 324 ; *Van Horn v. Ford*, 5 Johns. 407 ; *Gossam v. Donaldson*, 18 B. Mon-

roe, 230 ; Freeman on Partition, 531–33 ; *Cable v. Clapp*, 1 Jones Eq. 73 ; R. S. Mo., secs. 3341, 3342, 3352, 3367 ; *Tapley v. McPike*, 50 Mo. 592 ; *Edson v. Munsell*, 12 Gray, 602 ; *Burghart v. Van Deusen*, 4 Allen, 376–77 ; *Cole v. Hall*, 2 Hill, 627 ; *Whittemore v. Shaw*, 8 N. H. 397 ; *Doolittle v. Duremus*, 34 Ill. 458 ; *Dander v. Prantice*, 22 Wis. 316 ; *Armfield v. Moore*, 1 Busbee [N. C.] 157. (2) The circuit court should have admitted the deed of trust from Charles Bobb to William H. Letcher's trustee, bearing date anterior to the date of the decree in the case of *Lewis v. Bobb et al.*, because, by offering the deed from Charles Bobb to Cora B. Taylor, the plaintiff had, by the terms of said deed, made said deed of trust, a part and parcel of his own evidence, it being a part of the consideration expressed in said deed from Charles Bobb to Cora B. Taylor, that the payment of said deed of trust was assumed by said Cora B. Taylor, and it was, therefore, an outstanding title which was a defence to plaintiff's cause of action. *Norcum v. D'uench*, 17 Mo. 98 ; *Howard v. Thornton*, 50 Mo. 291. (3) The circuit court committed error in excluding evidence of the value of the property, offered by the defendants for the purpose of showing gross inadequacy of price paid by the plaintiff for said property. If there be gross inadequacy of price paid for property, the proceedings must be strictly regular. *Nelson v. Brown*, 23 Mo. 13. (4) The circuit court committed error in instructing the jury, that the plaintiff was entitled to recover upon the documentary evidence, because the said court thereby held the law to be, that the judgment for costs was a lien on the property of Charles Bobb, whereas we insist that such a judgment is not a lien on real estate under our statutes. By the provisions of section 1016, Revised Statutes of Missouri, it will be seen that special provision is made for the collection of costs, which are awarded either before or upon final judgment, and such execution is different from that which issues under the

provisions of section 2336, Revised Statutes of Missouri, where a judgment for debt or damages is recovered; and section 2730, Revised Statutes of Missouri, concerning lien of judgment, has no application to a case where simply costs are recovered. *Chapin v. Broder*, 16 Cal. 403; *Lean v. Patton*, 10 W. Va. 201; *Hamberger v. Easter*, 57 Ga. 71; *Vassler v. Hickernell*, 82 Pa. 153; *Lirette v. Carr*, 27 La. Ann. 299; Freeman on Judgments [3 Ed.] sec. 340.

*Hitchcock, Madill & Finkelnburg* and *T. J. Rowe* for respondent.

(1) Plaintiff's claim of title, as presented by his proof, was sufficient to vest in him the legal right of possession. The decree in *Lewis v. Bobb*, of April 22, 1878, was a final decree, and was a lien from its rendition on Charles Bobb's real estate. R. S., secs. 2730, 2731; *Conrad v. Ins. Co.*, 1 Pet. 443; *Warner v. Veitch*, 2 Mo. App. 462. (3) The sheriff's deed was valid and effectual, and cannot be collaterally attacked in this action. R. S., sec. 2392; *Huxley v. Harrold*, 62 Mo. 520; *Ellis v. Jones*, 51 Mo. 187; *McCormack v. Fitzmorris*, 39 Mo. 24; *Merchants' Bk. v. Harrison*, 39 Mo. 24; *Davis v. Davis*, 76 Mo. 310; *Lenox v. Clarke*, 52 Mo. 115; *Allen v. Sales*, 56 Mo. 28. (4) Plaintiff is not estopped from claiming under the sheriff's deed against Cora B. Taylor by the final decree in partition in *Zelle v. Bobb*, rendered June 22, 1882. *Colton v. Smith*, 11 Pick. 311; *Maloney v. Horan*, 40 N. Y. 111; *Smith v. Sherwood*, 4 Conn. 276; *Outram v. Morewood*, 3 East. 346; *Forder v. Davis*, 38 Mo. 107; *Watson v. Priest*, 9 Mo. App. 203. (5) Proof of the fee-simple value of the land in controversy was rightly excluded below, as was also the deed of trust from Charles Bobb to Letcher's trustee. *Woods v. Hildebrand*, 46 Mo. 287; *Johnson v. Houston*, 47 Mo. 231; *Hardwick v. Jones*, 65 Mo. 60.

NORTON, J.—This action of ejectment was brought in the circuit court of the city of St. Louis to recover a certain lot of land in said petition described.

Among other things set up in the answer is the following: That in the month of May, 1880, one August F. Zelle, as plaintiff, brought in said circuit court a partition suit against John H. Bobb, the plaintiff herein, Cora B. Taylor, a defendant herein, James K. Taylor, her husband, Philip M. Bobb, Charles H. Bobb, and Irene Bobb, as defendants, the purpose of which was to make partition between the parties to said suit of certain lands, including the land described in the plaintiff's petition; that all the defendants in said suit appeared therein and pleaded, and that by a final decree in said cause, made and entered on June 22, 1882, the lands sought to be partitioned in said suit were allotted among the several parties thereto, according to their respective interests, as ascertained by said decree, and that therein and thereby the lands described by the plaintiff's petition herein were allotted and assigned to this defendant, Cora B. Taylor; and that all the right, title and interest which plaintiff had, or can have, in and to the premises described in this suit, were held and acquired by him prior to the date of the final decree in said partition suit. That said decree and partition were conclusive upon this plaintiff, who is thereby estopped, in law and in equity, from disputing the title of this defendant, Cora B. Taylor, as established by said decree, of and to the lands sued for by the plaintiff herein, and from asserting any claim or title to said lands adversely to these defendants; and that the defendant, Graham, at the date of the commencement of this suit, was in actual possession of the premises sued for, as lessee of said Cora B. Taylor, and not otherwise.

To this answer the plaintiff filed a reply in the nature of a general denial.

From the record in the case of *Zelle v. Bobb*, which was put in evidence, it appears: That the petition sought for a partition of certain parcels of land, and, amongst others, the property in controversy in this suit, and that it was therein alleged that Cora B. Taylor, the defendant herein, was the owner in fee of an undivided one-twentieth of said lands, and also of an undivided three-twentieths of said lands for and during the life of one Charles Bobb, and that the defendant, John H. Bobb (the plaintiff herein), was owner in fee-simple of an undivided one-half of said lands, and also of an un-divided one-tenth of said lands in remainder, after the said determination of said life estate owned by said Cora B. Taylor, and the respective interests of all the parties to said suit are specifically stated. Said petition prayed for a partition of said lands in the usual form. The answer of John H. Bobb, the plaintiff herein, sets up, by way of an affirmative defence, "that it is not true that the defendant, Cora B. Taylor, is the owner of an undivided one-twentieth of said lands, and also of an undivided three-twentieths of said lands during the life of Charles Bobb, and these defendants say that the only interest in said lands owned by said Cora B. Tay-lor is a one-tenth interest, which is subject to an estate by the curtesy of said Charles Bobb. These defend-ants further say that it is not true that defendant, Cora B. Taylor, is the owner of the life estate of Charles Bobb, which he owns as tenant by curtesy in the undi-vided one-fourth of said lands, but that the life estate is still the property of said Charles Bobb."

An interlocutory decree in said suit was rendered on April 26, 1881, and commissioners were appointed to make partition. By the terms of the final decree of partition, which was rendered on June 22, 1882, confirm-.ing the report of said commissioners, there was allotted to this defendant, Cora B. Taylor, in full of her one-twentieth interest in said lands, owned by her in fee,

the identical lot which is here in controversy, and there was also allotted to said defendant, Cora B. Taylor, in full of the three-twentieths interest in said lands owned by her for and during the life of her father, Charles Bobb, another tract adjoining the one herein sued for, fronting sixty-eight feet, two and one-fourth inches on Eighth street, by eighty feet three inches in depth, and the remainder of said lands mentioned in said petition was allotted to the parties to said suit, according to the interest of each, as was ascertained by the court.

Exceptions were filed to the report of the commissioners, but afterwards, on the twenty-second day of June, 1882, a stipulation of the parties was entered into and filed in said cause, in words and figures as follows, to-wit:

"Zelle v. Robb by consent of parties, order overruling exceptions to commissioners' report, and motion to modify decree, set aside, exceptions and motions to modify decree withdrawn, and commissioners' report confirmed.

"[Signed]                    D. DILLON,

"Attorney for the plaintiff.

"Hitchcock, Lubke & Player, attorneys for defendants, excepting.

"Said stipulation being submitted to the court, it is by the consent of the parties as aforesaid, ordered by the court that the order heretofore made in this cause, overruling exceptions to the report of the commissioners in this cause, and the motion to modify the decree in this cause, be set aside and vacated, and thereupon the defendants, John H. Bobb and Charles H. Bobb, by their attorney, and Philip Bobb, by his guardian *ad litem*, withdrew the said exceptions and motions, and the court being satisfied that said report of the commissioners in this cause is just and correct, and that no exceptions or objections thereto are made, entered, or

filed therein, it is therefore, *by consent of parties as aforesaid*, ordered and adjudged by the court that the said report of commissioners be, and the same is, in all things hereby confirmed and held as firm and effectual forever."

On the trial in the circuit court, plaintiff obtained judgment, which, on appeal to the St. Louis court of appeals, was affirmed, from which this appeal is prosecuted, and the vital question in the case is whether or not the trial court committed error in receiving in evidence a sheriff's deed to plaintiff conveying to him the interest of Charles Bobb to the land in controversy. This deed was objected to on the ground, that as against the defendant Cora B. Taylor, plaintiff was estopped from setting up the title thereby conveyed by the final decree in a partition proceeding in the case of *Zelle v. Bobb*, inasmuch as said title was acquired before the rendition of said final decree; other grounds of objection than the one above stated were interposed to the reception of this deed in evidence, which we deem it unnecessary to notice, for if the objection above noted was well taken, it is decisive of the rights of the parties in this case. It may be conceded that the legal effect of the said sheriff's deed was to convey to plaintiff the life estate of Charles Bobb in the land involved in the partition suit, and it may also be conceded that the sheriff's sale having been, by virtue of an execution which issued on a judgment against Charles Bobb, was a valid and subsisting lien on the life estate of Charles Bobb in said lands, ante-dating the deed conveying to defendant, Cora B. Taylor, the estate of Charles Bobb, the question still remains, can the plaintiff set up such title as against defendant Taylor, he not only having acquired it before the final judgment in partition, confirming to defendant Taylor title in fee to the lot in question, but to the rendition of which judgment, according to the record, he consented?

The case of *Holladay v. Langsford*, 87 Mo. 577, where the precise point here raised was presented, returns a decided and unequivocal negative to the above question. It is there held that a judgment that partition be made, is only interlocutory, and that the final judgment is the order of court, confirming the report of the commissioner, or directing a sale of the property ; and that, inasmuch as the title relied on by plaintiff in that case was accquired by him during the pendency of the partition proceedings, to which he was a party, and prior to the final decree or order of sale, and was not set up by him before said final judgment, that he could not now be heard to set it up as against the purchaser at the partition sale. The doctrine upon this subject is stated in Freeman on Judgments [3 Ed.] section 304, as follows : "A judgment in a partition suit establishes the title to the land partitioned, and is conclusive upon any adverse claim of title or of possession existing at the time of its rendition. The law requires the court to ascertain and determine the rights of the parties, and makes it the duty of the parties to disclose their adverse claims." In Illinois, where the statute relating to partition is similar to our own, it was held in the case of *Doolittle v. Don Maus*, 34 Ill. 457, that plaintiffs in an action of ejectment cannot recover premises which have been set off to a person under whom defendant claims by a decree in a partition suit to which plaintiffs were parties.

The rule announced in the case of *Holladay v. Langsford*, *supra*, finds abundant support in the authorities cited in the brief of counsel for defendant. It matters not that the interlocutory judgment was made on the twenty-sixth day of April, 1881, and that plaintiff did not acquire under the sheriff's deed the interest of Charles Bobb till the fourteenth day of May, 188!, since, under the rulings of this court in the case of *Parkinson v. Caplinger*, 65 Mo. 290, and *Murray v. Yates*, 73 Mo. 13, plaintiff could, at any time before the final judgment

rendered in June, 1882, have disclosed his intent, set it up and had his rights fully determined. He not only, after having, by his answer in the partition suit, put in issue the right of defendant, Taylor, to any interest in the life estate of Charles Bobb, failed to set up such interest after he acquired it, although acquired before the final decree, but consented to the final decree conferring upon defendant the right to the land he now sues for. See, also, case of *Kelly v. Hurt*, 74 Mo. 568, where the doctrine is broadly announced, that "he who is sued at law, and is cognizant of a defence to the action—a defence cognizable at law—cannot, if he neglect to interpose such defence, obtain, even in equity, redress based upon that, which, if pleaded in the former proceeding, would have afforded him ample and adequate protection."

Judgment reversed and cause remanded. All concur.