## BULLER v. LINZEE et al., Appellants.

**Partition:** ORDER OF SALE: FINAL JUDGMENT: APPEAL. In a partition suit the order of sale is not a final judgment from which an appeal will lie. The partition must be perfected by the final report, required by law, and action thereon by the trial court before the same can regularly be the subject of review in the appellate court.

*Appeal from Jasper Circuit Court.*— HON. J. D. PERKINS, Special Judge.

APPEAL DISMISSED.

*Joseph Cravens* and *H. W. Maxwell* for appellants.

*Harding & Buller* for respondent.

Under the decisions of this court in the cases of *Turpin v. Turpin*, 88 Mo. 337, and *Murray v. Yates*, 73 Mo. 14, the appeal in this case would have to be dismissed for want of a final judgment. But though we are not on that side of the question we would respectfully submit to the court the question whether those decisions should not be modified or reconsidered. The land in controversy in this case descended nearly thirty years ago and has been more or less in controversy ever since, and as the questions involved are as fully presented now as they could be after a sale of the land and upon another appeal, we beg to suggest in behalf of the respondent and believe it is also the sentiment of the appellant that all parties would be glad if the court can see its way clear to decide the questions involved, waiving the irregularity of the appeal, and this, we think, seems to be sanctioned in the case of *Turpin v. Turpin, supra.*

BARCLAY, J.—This is an action for the partition of certain lands in Jasper county. It was tried upon pleadings which show that the title to an undivided one-fifth of the property is disputed, the ownership of the residue being uncontested.

Upon a hearing the trial court found for the plaintiff as to the one-fifth interest in controversy and entered an interlocutory judgment in partition accordingly, with an order of sale. After unavailing motions for new trial and in arrest the defendant, against whom that finding stood, appealed to this court. No sale or report of sale or order of distribution or any further action by the trial court was had.

It has long been the law of this state that a judgment that partition be made, ascertaining the interests of the parties litigant and ordering a division of the land in kind, is merely interlocutory and not reviewable by appeal until action had by the trial court on the report of the commissioners in partition. *Gudgell v. Mead* (1843), 8 Mo. 54; *McMurtry v. Glascock* (1855), 20 Mo. 432; *Stephens v. Hume* (1857), 25 Mo. 349; *Ivory v. Delore* (1858), 26 Mo. 505; *Papin v. Blumenthal* (1867), 41 Mo. 440; *State ex rel. v. Sutterfield* (1873), 54 Mo. 394; *Strickler v. Tracy* (1877), 66 Mo. 466.

But prior to the enactment of sections 7174 and 7184 (R. S. 1889, secs. 39 and 58, chap. 152, Gen. Stat. 1865), as now worded, a judgment of that nature, which ordered a sale of the property, instead of a division in kind, was held by this court to be sufficiently final for the purposes of a review under the law then existing, *Durham v. Darby* (1864), 34 Mo. 447.

Since the amendment of the statutes on the subject into their present form, it has been declared, with more or less positiveness, in a number of cases, that such a judgment ordering a sale is of no greater finality than one directing a partition in kind, and that neither will

support an appeal. The partition must be perfected by the final report, required by law, and action thereon by the trial court before the case can regularly be the subject of appellate review. This is the result of repeated decisions which should be accepted 'as settling the rule. *Parkinson v. Caplinger* (1877), 65 Mo. 290; *Murray v. Yates* (1880), 73 Mo. 13; *Turpin v. Turpin* (1885), 88 Mo. 337; *Harbison v. Sanford* (1886), 90 Mo. 491; *St. Jo. Term. Ry. Co. v. Railroad* (1887), 94 Mo. 542; *Holloway v. Holloway* (1888), 97 Mo. 628.

A remark was made in *Holladay v. Langford* (1885), 87 Mo. 582, and repeated in *Bobb v. Graham* (1886), 89 Mo. 207, which seems to give some effect to the ruling in *Durham v. Darby* (1864), 34 Mo. 447 (concerning the finality of an order of sale), as a correct interpretation of the law now in force. The change in the statutes, noted in *Hinds v. Stevens* (1870), 45 Mo. 211, and in *Murray v. Yates* (1880), 73 Mo. 13, was overlooked. The remark is out of line with many decisions, above mentioned, in which the learned judge, who made it, concurred. It is evidently an inadvertence and should not be considered as authority. The appeal in the case at bar is premature.

As the merits of the cause are not now properly before us for review, we refrain from any expression of opinion regarding them.

We all agree that the appeal should be dismissed, and it is so ordered.