STATE OF MISSOURI, Respondent, v. J. A. WHEELER, Appellant.

**St. Louis Court of Appeals, March 4, 1901.**

1. **Criminal Law:** SELLING LIQUOR WITHOUT HAVING A DRAM-SHOP LICENSE: VERDICT. The testimony was amply sufficient to support the verdict, and for this court to disturb it, would be judicial usurpation.

2. ——: ——: INSTRUCTION ON A REASONALBE DOUBT. The instruction on a reasonable doubt in cases of this character, was approved in the case of the State v. Wheeler, 87 Mo. App. 582, and a decision in that case, is adopted in this opinion.

Appeal from Howell Circuit Court.—*Hon. William N. Evans,* Judge.

AFFIRMED.

*Orchard & Saye* for appellant.

The court erred in giving the instructions, for the reason that reasonable doubt was not defined, which the court should have done.    State v. Christian, 66 Mo. 142; State v. Blue, 136 Mo. 41.

GOODE, J.—This appeal was from the conviction of the defendant on an indictment charging him with selling intoxicating liquor in less quantities than three gallons, without having a license as a dramshop-keeper.    The errors assigned are that the evidence fails to support the verdict and that the court did not instruct the jury as to the meaning of the phrase "reasonable

doubt." The only evidence offered in behalf of the defendant was a merchant's license covering the period from the twelfth day of October, 1899, to the first day of November, of that year. Two witnesses, Thomas Smith and Jackson Hines, swore positively to the purchase of intoxicating liquor in less quantities than three gallons within a year prior to the said twelfth day of October. Smith ran an account with the defendant and when he bought liquor would have it charged. He testified that he paid his account from time to time.

Hines swore to buying not more than a half-pint of whiskey about the first day of October. Smith likewise testified that he drank the liquor bought by him on the premises.

It is useless to comment on the sufficiency of such testimony to support the verdict. It would be judicial usurpation for a court to hold that a jury was not entitled to pass on the weight and effect of it. . In fact, it conclusively shows that the defendant was guilty as charged and the jury could not have returned any other verdict without disregarding both the law and the proof.

The alleged error of the court in failing to define what "reasonable doubt" means has been fully considered in 87 Mo. 582, against the same defendant, wherein he was indicted for selling liquor to a minor. The charge is different there, but the same rules of law apply to both as to that point, and we adopt in this opinion the reasoning and conclusion therein reached. The judgment is affirmed. All concur.