Bartley v. Bartley.

R. L. BARTLEY v. J. F. BARTLEY, Appellant.

Division Two, February 24, 1903.

Judgment in Partition: RES ADJUDICATA. A judgment in partition, adjudging "from the pleadings and evidence" that defendant "has no interest in the lands described in the petition, but that plaintiff is the sole owner of the same" completely estops defendant to question plaintiff's title, by a general denial, in a subsequent suit in ejectment by the same plaintiff against him if the circuit court, which had jurisdiction of the subject-matter by operation of law, also had jurisdiction of defendant's person by proper service or his appearance. Such partition judgment, until set aside or corrected in the way prescribed by statute, is conclusive on the parties thereto.

Appeal from Callaway Circuit Court.—*Hon. John A. Hockaday*, Judge.

AFFIRMED.

*D. P. Bailey* and *I. W. Boulware* for appellant.

(1) The judgment in the partition suit set out in the abstract is not conclusive against appellant, if indeed it was competent evidence. (2) Said judgment should not have been admitted in evidence against defendant's objection. The court in the trial of the partition suit had no jurisdiction that would authorize the rendition of the judgment vesting the title absolutely in R. L. Bartley and to that extent said judgment is absolutely void. The evidence in this case shows conclusively that appellant at the time of this trial was the absolute owner of the lands in question; and, hence, the judgment of the trial court should be reversed.

*A. Finley* for respondent.

In an action at law the findings of facts by the trial judge are conclusive on the appellate court, and

this court should affirm the judgment of the court below.
State ex rel. v. Staed, 143 Mo. 250.    Appellant did not
take an appeal from the judgment rendered in said suit
nor did he sue out a writ of error on the same; hence,
said judgment became final and binding on appellant,
and he will not be permitted to attack it in this collateral
proceeding. Holt County v. Cannon, 114 Mo. 519; Coch-
ran v. Thomas, 131 Mo. 279; Martin v. McLean, 49 Mo.
362.    Furthermore, appellant can not in an ejectment
suit avail himself of an equitable defense that he has
not pleaded in his answer.    The answer herein is a gen-
eral denial; hence, any equities that the appellant might
have on account of any irregularities in the partition
suit, if irregularities there be, can not avail him here,
because he has not set it up in his answer.    Russell v.
Whitely, 59 Mo. 199.

FOX, J.—This was an ejectment suit brought in the
Callaway Circuit Court to its August term, 1899.    The
petition was in the usual form of petitions in ejectment,
and the answer was a general denial.    The cause was
tried by the court without the intervention of a jury,
and the court, under the pleadings and proof, found the
issues for the respondent.

Respondent, during the trial of this cause, together
with other proof, introduced in evidence the petition,
answer and judgment in a partition suit brought to the
December term, 1898, of the Callaway Circuit Court,
wherein this respondent was plaintiff and this appel-
lant was defendant, to partition the same lands now in
controversy in this suit.    The petition in the partition
suit alleged that R. L. Bartley, this respondent, was the
owner of three-fourths of these lands and that J. F.
Bartley, the appellant, was the owner of one-fourth.
The answer of J. F. Bartley, this appellant, in that case,
denied that he owned any interest in the lands.    The
judgment of the court in that cause was as follows, to-
wit:

Vol 172 mo—14.

"Now at this day this cause coming on to be heard, the parties appear with their attorneys and announce ready for trial. A jury being waived, the cause is submitted to the court, and after the introduction of the evidence, and the court being fully advised in the premises, doth find from the pleadings and evidence in the cause that defendant has no interest in the lands described in the petition, but that plaintiff is the sole owner of the same, and that the present proceedings for partition of the premises can not be maintained, and it is ordered that plaintiff take nothing by his writ herein and that defendant go hence without day and that he have and recover of plaintiff all costs herein expended and that execution issue therefor."

There was evidence introduced tending to show title in the appellant; but, as the result of this suit, presented to this court for determination, depends solely upon the force and effect of the judgment rendered in the partition proceeding, it is unnecessary to burden this opinion with a statement in detail of the testimony going to support the title of appellant. Both parties waiving a jury, this cause was submitted to the court, and its finding was for the respondent and judgment was entered in pursuance of such finding; from this judgment this appeal is prosecuted.

I.    The errors complained of as indicated in the brief of appellant are:

First.    "The judgment in the partition suit set out in the abstract is not conclusive against appellant, if indeed it was competent evidence."

Second.    "Said judgment should not have been admitted in evidence against defendant's objections."

Third.    "The court in the trial of the partition suit had no jurisdiction that would authorize the rendition of the judgment vesting the title absolutely in R. L. Bartley, and to that extent said judgment is absolutely void."

Our attention is not specifically called to any particular fact which deprived the court of jurisdiction in the partition proceeding, introduced in evidence in this

cause, or in what respect the judgment in the partition suit was void or even irregular. There is this suggestion made by appellant in his abstract of the record filed, in which he says:

"The partition referred to was tried by the court at its May term, 1899, without a jury, and on the conclusion of the evidence the court announced from the bench that it found that the parties had divided the land in question between themselves, and the court, if. called upon, would force them to make deeds accordingly. Without the knowledge of appellant, until after the adjournment of court for the term, the judgment was entered, as hereinbefore set forth."

If the contention of appellant is sustained, in respect to the force and effect of the judgment in the partition proceedings, then the judgment of the trial court should be reversed, for it is evident that in the trial of this cause, the court treated the judgment in the partition suit as binding and conclusive upon the appellant.

Measured by the law as we view it, the action of the trial court was entirely proper in treating the judgment introduced in evidence as a complete estoppel to the claim of title on the part of the appellant. It is true the partition suit has its peculiar features. The plaintiff in this case was the plaintiff in the partition suit. In that suit, he alleged that defendant had a one-fourth interest in the land in dispute. The defendant in this cause was also the defendant in the partition suit. His answer was a general denial, in effect, disclaiming all interest or title to the land in dispute. After the hearing of the testimony in the cause, the court rendered its judgment as herein set forth. It will be noted that the judgment is not one simply dismissing the action of plaintiff, but is one in which the court made its findings and declared the interests of the parties to the suit. It recites that the "court doth find from the pleadings and evidence in the cause that defendant has no interest in the lands described in the petition, but that plaintiff is the sole owner of the same." From this judgment, there was

no appeal and it was in full force at the date of the trial of this suit in ejectment.

The abstract of the record, as furnished by appellant in this cause, does not disclose any want of jurisdiction in the court to render the judgment in the partition suit. The court had jurisdiction of the subject-matter, and the record shows by the filing of the answer that defendant submitted his person to its jurisdiction.

The statute governing the proceedings in partition contemplates the adjusting of titles. It provides that the court shall "declare the rights, titles and interests of the parties to such proceedings, petitioners as well as defendants." [Sec. 4386, R. S. 1899.] "The law requires the court to ascertain and determine the rights of the parties and makes it the duty of the parties to disclose their adverse claims." [Freeman on Judgments (3 Ed.), sec. 304; Bobb v. Graham, 89 Mo. 207.] In the case of Lindell Real Estate Co. v. Lindell, 142 Mo. l. c. 83, ROBINSON, J., speaking for the court, says: "One who is made a party defendant in a partition suit is required to set up any adverse interest which he may have, and failing to do so, is estopped from setting it up in a subsequent suit between the same parties."

It may be said as to the judgment referred to as the judgment in partition, that in fact there was no judgment in partition rendered; that there was no allotment or division of property. This is true; but does that fact render it any the less a judgment? Plaintiff filed his petition; defendant filed his answer; the parties were before the court; proof was introduced and the court made its finding as indicated by the judgment. The court has the authority to ascertain the interests, under a proceeding of this character, and the fact that it finds that a party has no interest in the property sought to be partitioned and as to such party makes no allotment of the property, would not lessen the binding and conclusive force of such finding.

The complaint of the appellant in his abstract of the record in this cause, "that the judgment complained of was rendered in his absence and was entered con-

trary to what the court intimated it would render;" under the pleadings in this cause, has no merit in it.

It must be remembered that the answer in this cause is a general denial. If appellant desires to avoid the force and power of the judgment rendered, he must do so in a proper proceeding, by appropriate allegations as to the irregularities, which would render it inoperative and void.

. Finding no error in the trial of this cause, the judgment will be affirmed. All this Division concur.