JOHN C. SCHOOLER et al., Respondents, v. JOHN W. PATRICK, Administrator, etc., Appellant.

**Kansas City Court of Appeals, May 31, 1909.**

ADMINISTRATOR: Partition: Unknown Heirs: Equalizing Distribution: Action: Res Adjudicata. After an intestate's death, some of the heirs brought suit against certain other heirs, and the unknown heirs of decedent to partition his real estate. Publication was duly made, and the judgment of partition barred the interest of unknown heirs not appearing. The real estate was sold, and the proceeds distributed. Subsequently plaintiffs who did not appear to the partition suit, brought this action in the probate court for the avowed purpose of equalizing and distributing the property of the decedent, so that they may share equally with other heirs. *Held*, that the action cannot be maintained since they were parties to the partition suit, and their remedy, if any, is under section 4417 *et seq.*, or sections 777 and 780, Revised Statutes 1899, since the partition judgment, while it remains, concludes further litigation of the question.

Appeal from Cass Circuit Court.—*Hon. Nick M. Bradley*, Judge.

REVERSED.

*A. A. Whitsitt* for appellant.

(1) While probate courts are vested with certain powers under the constitution (section 34, article VI), yet they have only such powers as are conferred by statute. They have no equity powers. Ivie v. Ewing, 120 Mo. App. 124; Tenney v. Turner, 111 Mo. App. 597; In re Winnegar's Est., 118 Mo. App. 449; State ex rel. v. Jones, 47 Mo. App. 237; State ex rel. v. Jones, 53 Mo. App. 207. It cannot try questions of ownership. Johnson v. Jones, supra. It cannot try title to real estate. Riffel v. Land & Lumber Co., 71 Mo. App. 617; Rich v. Donovan, 72 Mo. App. 571. It cannot try cases requiring equity powers. Maginn v. Green, 67 Mo. App. 617;

Coal Co. v. Slevins, 56 Mo. App. 107. It cannot set aside a fraudulent conveyance. Zoll v. Soper, 75 Mo. 460. (2) The probate court having no jurisdiction of the subject-matter, its judgment of allowance and order upon the administrator to pay was void, and the circuit court on appeal could acquire no jurisdiction. Railroad v. Lowder, 138 Mo. 533; St. Louis v. Hollrah, 175 Mo. 79; Baskowitz v. Guthrie, 99 Mo. App. 304. (3) An administrator is not authorized to pay such judgment, and could not on final settlement obtain credit for payment of same. Ivie v. Ewing, 120 Mo. App. 124. (4) It has always been held to possess no equitable powers. Church v. McElhinney, 61 Mo. 543; Butler v. Lawson, 72 Mo. 227; Tenney v. Turner, 111 Mo. App. 597; In re Glover & Shepley Est., 127 Mo. 153. (5) The record in this case shows the proceedings in the circuit court were ample to divest the title and all interest in the land out of the plaintiffs. Hope v. Blain, 105 Mo. 85; Rosenheim v. Hartsock, 90 Mo. 357; Forder v. Davis, 38 Mo. 107.

*W. S. Byram* for respondents.

(1) This is a proceeding asking for an order of distribution, which the heirs have a right to ask after one year. R. S. 1899, secs. 238, 239, 240, 244. (2) The administrator has a right to take into consideration advancements made to other heirs, and the probate court has jurisdiction and the right to order him to do so. R. S. 1899, sec. 2908, 2913; Est. of St. Vrain, 1 Mo. App. 294; In re Est. of Elliott, 98 Mo. 379; Alleman v. Maning, 44 Mo. App. 8; Est. of Williams, 62 Mo. App. 349. (3) Full power and jurisdiction exists in our probate courts to afford a final and complete administration of the estates of deceased persons, and to make distribution to the parties entitled thereto. In re Est. of Elliott, 98 Mo. 384; French v. Stratton, 79 Mo. 562; Pearce v. Calhoun, 59 Mo. 274. (4) While the probate court is not invested with independent equity jurisdic-

tion, it is the proper forum to settle all matters which appertain strictly to the administration of the decedent's estate and in doing so may, and often does, exercise powers of an equitable nature. Meeker v. Straat, 38 Mo. App. 244; Titterington v. Hooker, 58 Mo. 593; Ensworth v. Curd, 68 Mo. 282; Hammons v. Renfrow, 84 Mo. 340; McAllister v. Williams, 23 Mo. App. 286; Maginn v. Green, 67 Mo. App. 617; Lietman's Executor v. Lietman, 149 Mo. 112. (5) Pretermitted heirs may bring suit for contribution, rather than ejectment or partition, so as not to interfere with the rights of third persons who may own the property. Hill v. Martin, 28 Mo. 78; Sawyers v. Cator, 47 Am. Dec. 608. (6) An administrator may set off the distributive share of an heir against what he may be owing the estate, and that too whether the liability occurred before or after the death of decedent. Hopkins v. Thompson, 73 Mo. App. 401; Lietman's Executor v. Lietman, 149 Mo. 112; Duffy v. Duffy, 144 Mo. 144; Ayers v. King, 168 Mo. 244. (7) The doctrine of estoppel and *res adjudicata* does not apply in this case, the plaintiffs not having been made parties to the partition suit introduced in evidence, nor had they any knowledge of said suit, nor was the question of being heirs of Richard M. Snyder, deceased, passed upon. Spradling v. Conway, 51 Mo. 51; Garesche v. Levering Investment Co., 146 Mo. 451; Herman on Estoppel, section 1062. (8) A court may modify its decree or judgment. McGurry v. Wall, 122 Mo. 614; Walter v. Scofield, 167 Mo. 546; Bank v. Martin, 129 Mo. App. 489.

ELLISON, J.—This proceeding was begun in the probate court of Cass county on the 17th of October, 1907, by certain heirs for an order that they be paid their share of an estate then unsettled in such court. Their claim was allowed in that court and again on appeal in the circuit court. The administrator has brought the case here.

It appears that one Benjamin S. Snyder died intestate in Cass county on the 30th of July, 1906, without children, father or mother, and whose only heirs were uncles and aunts and their descendants. He left an estate consisting of four hundred and ten acres of land and about $6,000 worth of personal property. The defendant Patrick was appointed administrator of his estate. Afterwards a partition suit was brought by certain of the heirs against other named heirs and the "unknown heirs" of said Snyder.

These claimants are children of J. B. Schooler, deceased, who was a brother of the deceased Snyder's mother, and were therefore cousins of deceased Snyder. They were not made parties to the partition suit except as the "unknown heirs of J. B. Schooler," their father. The proceedings in the partition suit were regular. There was an order of publication against non-resident defendants and "unknown heirs," and the proceedings were in all respects proper. Judgment was rendered and an order of sale made at which the land was sold for $9,361.38, after deducting expenses. That sum was divided among all the heirs of Snyder save these four claimants as children of J. B. Schooler, who allege they were entitled to $222 each as their share of the proceeds of the partition sale.

It further appears that of the other estate left by Snyder there remains in defendant's hands as administrator more than $4,000. These claimants' avowed object in instituting this action in the probate court was for the purpose of equalizing and distributing the property of decedent so that they may share equally.

The judgment in partition was rendered in January, 1907, and the sale was in March following. It recited that any unknown heirs, if there were any, having failed to appear and assert their interest, the judgment by default was made final and they were "divested of all interest in said real estate." "And such unknown persons

are forever barred from having or receiving any interest in said real estate described in the petition."

The question discussed by counsel is whether this action can be maintained in the probate court. We have concluded that it cannot. The statute relating to partition of real estate provides for such partition in case of unknown heirs [Chap. 53, R. S. 1899.] These claimants were parties to the partition under the designation of "unknown heirs," and, under certain contingencies, the remedy for their share of the proceeds of the sale is provided for by sections 4417-4421. But, under the facts of this case, it seems that a petition for review of the judgment should have been filed with the circuit court, which may be done at any time within three years. Secs. 777, 780 R. S. 1899. That statute applies to cases like this, where in a suit for partition parties have been notified by publication and failed to appear. [73 Mo. 13.]

As already stated, the judgment in partition appears in regular form upon proper publication. In such case it concludes "unknown heirs." [Freeman on Cotenancy and Partition, sec. 483; 2 Black on Judgments, secs. 661, 546.] It therefore would seem to be reasonable to disallow a proceeding of the nature here instituted, at least so long as that judgment stands unaltered or unchanged.

The result from the foregoing view is to reverse the judgment. All concur.