CERENA CLEVENGER ET AL., RESPONDENTS. v. GEORG ... DEFENDANTS, AND RALPH B. HUGHES, GUARDIAN ET AL., APPELLANTS.—49 S. W. (2d) 267.

Kansas City Court of Appeals. May 2, 1932.

*E. A. Faris* and *George W. Crowley* for respondents.

*A. P. Hamilton* and *L. E. Bates* for appellants.

BLAND, J.—This is an appeal, by a portion of the defendants, from the judgment approving the report of sale and order of distribution in a suit for the partition of real estate. The appeal was allowed to the Supreme Court but that court transferred the cause here for lack of jurisdiction there. Nothing is brought here by the appellants but the record proper. This shows that the court, in October, 1928, ordered the sale "By the Sheriff of Ray County." The term of office of the then sheriff, Frank A. Williams, expired on January 1, 1929, but before the end of his term he received a certified copy of the order of sale and, for the purpose of the case, we may assume that he began the publication of the notice of sale. He made the sale, itself, on February 13, 1929, after he had gone out of office. The report of sale, made on February 14, 1929, recites that the report was made by "Frank A. Williams, ex-sheriff of Ray county." The report was approved on February 18th of that year. It is agreed between the parties that Williams' term of office expired on the 1st day of January, 1929, and that he was duly succeeded by his successor in office.

Appellants insist that the sale was void, having been made by the ex-sheriff. Respondents say that the sale of the property was properly made by the ex-sheriff, because he received and retained a certified copy of the order of sale and published notice of sale thereunder prior to his going out of office and, when his term expired, he did not elect to turn the business over to his successor nor did the court make an order directing that such business be turned over to the latter. In support of this contention respondents cite the case of Fortune v. Fife, 105 Mo. 433.

Section 1588, being part of article 11, chapter 7, of our present statutes dealing with partitions of real estate and personal property, provides as follows:

"*If any sale be made* by any sheriff before he goes out of office, and the business is not completed when he ceases to be sheriff, he may do all subsequent acts, collect and pay over the money, and make the deed, in the same manner as if he continued to be sheriff, unless the court shall by order direct the business to be transferred to the next sheriff; in which case all acts remaining to be done by the sheriff, at the date of such order, shall be done by the sheriff then in office." (Italics ours.)

In the case of Fortune v. Fife, supra, the sheriff made the sale while in office but did not make a deed to the purchaser. The Supreme Court in that case said, l. c. 439, 440:

"It will be conceded without argument that *but for this section* (now section 1588) the incoming sheriff, as soon as he qualifies, would be invested with full power to take charge of and execute all the

business remaining unexecuted in the office of sheriff; he alone would have power to do so, and it would be the duty of the outgoing sheriff to immediately turn over all unexecuted process and business appertaining to the office to him. For obvious reasons in partition proceedings, sometimes protracted through a number of years, it will often happen that the sheriff who commenced and transacted a part of the business could best protect his interest and that of his surties by being permitted to wind it up.

"It was the evident purpose of this statute to confer upon him the privilege of so doing, unless the court should otherwise order. But it was not the purpose of this act to compel him to discharge these duties of the sheriff after his term of office had expired, unless he elected to do so. The court could order him to turn the business over to his successor whether he desired to retain it or not. If no such order was made he could either retain the business or turn it over to his successor, as he might elect. When the business was turned over, whether under an order of court, or upon the retiring sheriff's own volition, the incumbent had all the power vested by law in the sheriff to transact the business the same as any other business appertaining to his office as sheriff. The duty of the outgoing sheriff was either to close up the business or turn it over to his successor." (Italics ours.)

In the case at bar there was no sale of the property consummated by Sheriff Williams before he went out of office. Therefore, in accordance with the ruling in the Fortune case, it must be said that the new sheriff, as soon as he qualified, was invested with full authority to take charge of and execute all of the business remaining unexecuted in reference to the sale of the land. As we understand that case, it is only where the sale actually has been made by the sheriff that he has the election to turn over the business to his successor or the court may command him to do so. But if no sale has been made, then it is his unqualified duty to turn over the matter to his successor and he has no right to proceed further with it.

Respondents call our attention to section 1581, Revised Statutes 1929, providing in part: "The sale shall take place during some day of the term of the court, and be governed by the same regulations prescribed by law for sales of real estate under execution, notice thereof being given in the same manner by the sheriff as provided by law for such sales." Respondents say that, in view of this section, section 1217, Revised Statutes 1929, is applicable and has a bearing upon the situation. This last mentioned section appears in article 19 of chapter 5, dealing with executions and exemptions, and provides that when an officer has made a levy by virtue of an execution and his term ends before or after the sale is made, etc., the officer shall have power to perform all things in relation to such execution

and sale, etc. It is quite apparent that section 1217 has no bearing upon the controversy. [Fortune v. Fife, supra; Heidelberg v. St. Francois Co., 100 Mo. 69, 74; Rannels v. Gerner, 80 Mo. 474, 480.]

Section 1581 in referring to "regulations prescribed by law for sales of real estate under execution" refers to regulations concerning the sale and not the officer making the sale. So far as the officer is concerned, that matter is fully covered in article 11, chapter 7 of the statutes concerning partitions.

The judgment of the court, approving the sale, recites that the parties were present, agreed that the report be taken up and made no objection to its approval. But objections or exceptions are not necessary to be made in order to preserve matters involving the record proper. [Lilly v. Menke, 126 Mo. 190.]

The judgment is reversed and the cause remanded. All concur.