NEIMAN *et al.*, Respondent, v. EARLY, Appellant.

1. Where in an action for partition a sale is made by the sheriff under the order of the court, the court may, at any time during the term to which the process issued to the sheriff is returnable, set aside such sale without notice to the purchasers thereat; the court has power to control the execution of its own process, and it is not essential to the exercise of this power that the purchasers should be notified.

*Appeal from St. Louis Land Court.*

This was an action for the partition of certain lands commenced by Christopher Neiman and others, all the parties interested joining in the petition. At the October term, 1856, of the Land court, the court ordered the sale of three of the tracts of land embraced in the petition. During the same term the sheriff sold said parcels, John Early became the purchaser of one tract, and L. Babcock of another. On the 3d of December, 1856, at said October term, the sheriff made his report of sales to the court. Babcock moved the court to set aside the sale to himself on the ground of an alleged misrepresentation as to the title to said tract. Early had no notice of this motion. The court, at said October term, 1856, the parties to the suit consenting thereto, set aside the sale made by the sheriff, and ordered a resale of all the real estate embraced in the former order of sale. The sheriff made sale of said three parcels under the order of the court, and on the 7th of January, 1857, at October term of said court, filed his report of sale. On the 6th of Jan-

uary, 1857, Early moved the court to order the sheriff to make him a deed for the tract purchased by him at the sale under the first order. He proved compliance on his part with the terms of sale. The court overruled this motion. Early appealed to the supreme court.

*Whittelsey,* for appellant.

I. Babcock bought at his peril. He had no reason to move to set aside his purchase. (See Owsley v. Smith, 14 Mo. 156; Evans v. Dendy, 2 Speer, 9; The Monte Allegro, 9 Wheat. 616; Puckett v. United States, 4 Am. Law Reg. 459; 2 McCord, 382; 3 Watts, 390; Schwartz v. Dryden, 25 Mo. 572.) The court had no authority to set aside the sale for the reasons presented. It is admitted that the court has jurisdiction over its own process until its final return, but that can not be allowed to affect innocent parties, who have no notice and are not in court.

II. The appellant properly sought his remedy by motion. (Ruby v. Strother, 11 Mo. 417; Langham v. Darby, 13 Mo. 553; Wooton v. Hinkle, 20 Mo. 290; Neal v. Stone, 20 Mo. 294, 349; Jackson v. Roberts, 7 Wend. 83; Nelson v. Brown, 23 Mo. 13; Schwartz v. Dryden, 25 Mo. 572.)

*P. B. Garesché,* for respondents.

I. The appellant was too late with his motion. There was no exception taken to the action of the court in setting aside the first sale. That having been done, the order for a resale had to be made as a matter of course. The matter was wholly within the discretion of the court. The appellant was a stranger to the proceedings below, has not been injured and has no right to be here.

NAPTON, Judge, delivered the opinion of the court.

The only question in this case is whether the Land court had power to set aside a sale in partition, at the return term, without notice to the purchaser.

It seems that under the order of the court three several pieces of land were directed to be sold and were sold. A

Neiman v. Early.

day or two after the sale and during the term to which the writ was returnable, one of the purchasers of one of the tracts sold came into court and asked to have the sale set aside on account of an alleged misrepresentation as to the title. By consent of the parties interested in the partition, and without any investigation of the title so far as the record shows, the court made an order for a resale, and in the order directed all three of the tracts to be resold. No objection was made to this course at the time, and no exception was taken. Upon the second sale the tract originally purchased by or struck off to Early in the first sale brought about double the sum it did before, and the other tracts brought less, making the aggregate of sales about the same as at first.

The court had power over the execution of its process until the officer returned it, and it is not believed to be the practice in such cases, or essential to the exercise of the power of the court that the bidders or purchasers should be notified. It is their business to make objections at the proper time and to see to the completion of their title without any formal notice. So long as the term lasts, the matter is in the power of the court to take such steps as under the circumstances may be thought just and prudent. Although we can not see any reason for setting aside the sale to Early, as there seemed to be no connection between his tract or its title and the one which was bought by the dissatisfied purchaser, yet the matter was for the Land court exclusively, and, if objected to, should have been resisted at the time and before a resale was made. We can see that manifest injustice would be done now, if this court should permit the first sale to Early to stand and yet require the partitioners to submit to all the losses occasioned by the second sale.

Judge Scott concurring, judgment affirmed.

RICHARDSON, Judge dissenting. In my opinion, the purchaser ought to have had notice of the proceeding to set aside the sale.