N. H. PATTON, EXECUTOR, AND WM. F. SMITH *et al.*, HEIRS OF ANDREW HANNA, Appellants, *v.* JOHN F. HANNA, Respondent.

1. *Partition, amicable — Utmost fairness should be exercised — Sale set aside, for what.*—In amicable proceedings in partition, the utmost fairness and good faith should be observed; and if, from accident, mistake, or any cause, the parties interested have been prevented from looking after their interests, and the property has been sacrificed, a sound exercise of judicial discretion would demand that the sale be set aside.

2. *Partition — Return need not be made to a specified term.*—In sales in partition, the sheriff is not compelled, as in sales *in invitum*, to sell and make return at a specified term. "The same regulations prescribed" as for sales upon executions (§ 31, partition act) must refer rather to the advertisement and manner of sale than to the time when the sale shall be made and returned.

3. *Partition — Order for sale should direct at term of what court sale should be made.*—The failure of the court, in its order of sale in partition, to direct whether the sale should be had at a term of the Circuit or County Court (§ 63, partition act) would not vitiate the title under the sale, but the order should be amended to conform to the act.

*Appeal from Fourth District Court.*

*Prewitt, Barrow & Porter*, for appellants.

I. The order of sale was insufficient because it was not made returnable to the next term of the Circuit Court. (See Wagn. Stat. 970, §§ 31, 32; *id.* 602, § 4.)

II. The order is insufficient because it does not state whether the sale shall be made at a term of the Circuit Court or at a term of the County Court. (Wagn. Stat. 975, § 63.)

III. The statute can not be construed to authorize a sale at the same term at which the order is made.

*Hall*, for respondent.

BLISS, Judge, delivered the opinion of the court.

The heirs of Andrew Hanna presented to the Randolph Circuit Court their petition for partition of about eighty acres of land, and obtained an order of sale under section 59 of the partition act. The order was issued and the sale made at the same term, and at the next term a portion of the petitioners moved to set aside the sale, claiming it to have been irregular, inasmuch as it was made at an adjournment of the same term wherein the order was made, and without the knowledge of any of the parties except John F. Hanna, who bid off the property; also, that it was sold for much less than its value, and for less than half the amount it would have brought had the parties been advised of it; that fraudulent contrivances were resorted to, to keep those interested from knowing of the sale, and to keep those present from bidding; that legal notice was not given, etc. The motion was overruled, and the matter comes up by appeal.

This was not an adversary proceeding; no dispute arose in relation to title, and the shares of each party were ascertained without controversy. One attorney acted originally for all. In these proceedings the utmost fairness and good faith should be observed, and if, from accident, mistake, or any cause, the parties interested have been prevented from looking after their interest, and the property has been sacrificed, a sound exercise of

judicial discretion would demand that the sale be set aside. I see no sufficient evidence in this case of actual fraud, but it was clearly shown that none of the parties except the purchaser knew of the sale; that some of them were prepared to give more than double the amount for which it was sold; that the attorney who filed the petition lived in another county, as did some of the petitioners, and, in consenting to the issuing of the order by the clerk, stipulated that he should be advised of the day of sale, that he might communicate it to the parties; and there is conflicting testimony in regard to the notice, it being doubtful whether it was published according to law. Under these circumstances, when the owners of the land came forward and asked for a new sale, it seems clear to me that the court should have granted it. The parties interested labored under an innocent mistake in the premises, and the only authority given the clerk to issue the order was conditioned that the non-resident parties should be advised through their attorney of the time of the sale. And this is not all. One of the parties called upon the purchaser, who was a party to the proceeding, the week before the sale, to inquire about it, and was informed by him that the sale would not take place at the term when it was actually sold. It does not appear that the deception was intentional, but the consequences to the other parties are the same, and the fact rebuts the charge that the mistake arose entirely from their negligence.

The alleged irregularity in the time of the sale is not so clear. The statute expressly provides that the order of sale shall not specify the time, but that the sheriff shall sell upon some day of the term, and that the order shall designate whether it shall be a term of the Circuit or County Court. (Partition act, §§ 31, 66.) It also provides that the sale shall be governed by the regulations prescribed for sales of real estate under execution, and section 38 requires the sheriff, after completing the sales, to report his proceedings to court. Although the general custom is to sell and make report at the next term after the order, I find nothing in the statute requiring it; and to apply to orders of sale in partition the provision in relation to the return of executions, would contradict the spirit at least, if not the letter, of the prohibition

fixing the time of sale. All the parties are supposed to be equally interested in offering the property at the most propitious time, and the sheriff is not compelled, as in proceedings *in invitum,* to sell and make return at a specific term. · "The same regulations" prescribed as for sales upon execution must refer rather to the advertisement and manner of sale than to the time when the sale shall be made and returned.

Objection upon argument is made to the order because it did not conform to section 63 by directing whether the sale should be had at a term of the Circuit or County Court. This irregularity could not vitiate the title under the sale, yet the provision is one which the court is bound to notice, and should amend its order to conform to it.

The judgment of the District Court affirming that of the Circuit Court is reversed, the sale is set aside, and the cause remanded. Judge Currier concurs; Judge Wagner absent.