ROBERT E. POMEROY, by next friend, etc., Respondent, *vs.* RUFUS K. ALLEN, *et al.*, Appellants.

1. *Partition—Sale of land in partition—Confirmation of discretionary with lower court.*—The confirmation or rejection of a sale of land in partition, is a matter resting largely in the discretion of the lower court, and the Supreme Court will be very slow to interfere with its action.

*Appeal from Buchanan Circuit Court.*

*Hill & Carter*, for Appellants.

*Ben. Loan*, for Respondent.

WAGNER, Judge, delivered the opinion of the court.

This case comes here for review upon an appeal from a judgment of the court below, setting aside the sale of a piece of land made to the defendant by the sheriff in partition.

In accordance with a decree in partition, the sheriff exposed the land for sale, and the defendant bid in the same for the sum of four hundred and five dollars. The parties to the partition suit, who were all minors but one, filed their motion to set aside the sale, because the price was inadequate, and on account of certain irregularities alleged to have taken place. After hearing evidence, the court sustained the motion.

The sale seems to have been conducted with fairness, and there was no ground for interference in that regard. There was no such inadequacy of price as would have justified a court in setting the sale aside under ordinary execution process. The defendant's bid was four hundred and five dollars, and the testimony of most of the witnesses was that the property was worth from six hundred to one thousand dollars.

But sales in partition do not stand on the same footing as sales made by the sheriff on execution. In partition sales the sheriff must report his proceeding to the court, and until there is an approval or confirmation of the same, no deed can be executed. The approval rests mainly in the sound discretion of the court; and the sustaining of the motion in this case was equivalent to a refusal to approve or confirm the report.

As the parties were nearly all infants, whom the courts always endeavor to protect, and as it is evident that the property is worth more than it sold for, we cannot say that the court exercised its discretion unsoundly.

The judgment is affirmed ; the other judges concur.