McKee v. Logan *et al., Appellants.*

1. **Sale, Motion to set aside** : MISTAKE OF OFFICER. A sheriff's sale will be set aside at the return day thereof for the mistake and oversight of the officer in making it, when shown to have operated injuriously to the interests of the complainant.

2. ———— : NOTICE. All persons interested should have notice of a motion to set aside a sheriff's sale, otherwise their rights will in no manner be affected by the proceeding. But where the officer who made the sale has no direct interest in its maintenance, notice to him would not seem to be necessary.

3. ———— : ————. Where the purchasers at the execution sale are present and resist the motion to set the same aside, they cannot be heard to complain of want of notice to the sheriff and the plaintiff in the execution.

*Appeal from Clinton Circuit Court.*—HON. GEO. W. DUNN, Judge.

AFFIRMED.

· *J. M. Lowe* and *J. F. Harwood* for appellants.

The purchasers were bound when the property was struck off to them. R. S., §§ 2384, 2385. And after the sheriff had received their money they were entitled to a deed. If Maret was liable for the taxes, plaintiff has an effective remedy at law for damages, and relief cannot be granted. *Holden v. Vaughan*, 64 Mo. 588. Notice must be given the plaintiff in execution, because a vacation of the sale destroys his right to the money realized therefrom. Freeman on Ex., 306; *McKinney v. Jones*, 7 Tex. 588; *Good v. Coombs*, 28 Tex. 34; *Cline v. Green*, 1 Blackf. 53. No notice was given the plaintiff in execution or the sheriff making the sale. They and the purchaser were all parties, in interest. Freeman on Ex., § 306; *Beach v. Dennis*, 47 Ala. 262. It has been held that a sale will not be set aside for an act of the officer of which the purchaser was both innocent and ignorant. *Outcolt v. Disborough*, 2 Green's. Ch. 214.

*Thomas J. Porter* for respondent.

The property was sold by mistake and oversight of the sheriff. It is the settled law that purchasers at execution sales buy at their peril, subject to the power and control of the court over its process to prevent wrong, injustice or injury arising out of fraud, mistake or irregularity. *Ray v. Stobbs*, 28 Mo. 36; *Newman v. Early*, 28 Mo. 477; Freeman on Ex., § 308; *Gordon v. Suns*, 2 McCord's Ch. 159; *Cummings' Appeal*, 23 Pa. St. 509. "The misconduct or mistakes of the sheriff should not be permitted to prejudice the rights of either party." *Downing v. Still*, 43 Mo. 319. The execution plaintiff has no interest in this suit, and should not have been notified. Nor was it necessary to notify the sheriff.

EWING, C.—This was a proceeding at the October term

of the circuit court of Clinton county, to set aside a sale of real estate made by the sheriff at said term of court. The motion to set the sale aside was in words as follows:

" And now comes Robison J. McKee and on his oath says that he is the owner of the following described real estate, situate in Clinton county, Missouri, to-wit: Lot No. 15, in block No. 39, in the town of Lathrop, in said county; that he purchased said property of Daniel H. Maret; that on the 17th of June, 1881, judgment was rendered against said property at the suit of John N. Payne, collector of Clinton county, Missouri, in this court, enforcing a lien for certain taxes due thereon; that said Daniel H. Maret was liable for said taxes to affiant on his covenants to affiant, and when the affiant was served with summons in said court he applied to said Maret to pay the same; that said Maret agreed and promised to do so, and as affiant is informed and believes did, by letter, instruct the collector to send the receipts to the Lathrop bank and there receive the amount due, which the collector was in the habit of doing, and did do as to the balance of said Maret's taxes, but by some oversight said tax was not so paid; that affiant supposing said taxes were paid, attended no further to said suit, and was in ignorance that the same was not paid or that judgment had been rendered therefor until he saw the sheriff's advertisement for the sale thereof on execution, issued upon said judgment, of which affiant immediately notified said Maret, who again promised and agreed to pay the amount of the judgment, and prevent a sale thereof under said execution; that, as the affiant is informed and believes, said Maret did, on the 11th day of October, 1881, visit the sheriff, and represented the facts to him, and offered to pay the amount of the judgment and all costs so as to avoid said sale; that the sheriff, M. S. Allgaier, not knowing at the time the exact amount thereof, and being at the time busily engaged with the duties of his office, assured said Maret that it would be all right, and that he would not sell said property, but would return said execu-

tion satisfied, and settle with said Maret, who was and is a responsible man, at another and leisure time. Affiant further states that said Maret is a trustworthy and responsible man, and he relied upon his paying said judgment and supposed it was settled until Monday morning, the 17th inst., when he was informed that the property had been sold under said execution. Affiant states, by a mistake and oversight of the sheriff, he sold said property, not meaning nor intending so to do; that at such sale the same was stricken off to the said H. A. Logan and A. J. Orem; that if he had known the property would be sold he would have satisfied such judgment, and is now ready and willing to pay the same, and for that purpose has deposited in the hands of the sheriff the full amount of said judgment and all costs, to be so applied if said sale is set aside.

" Wherefore he prays the court to set aside said sale and order and direct the sheriff to return to said purchasers their money bid and paid at said sale for said property.

"R. J. McKee.

" Subscribed and sworn to before me this October 19th, 1881. D. H. Lindsay, Clerk."

The following is the order of court setting aside sale:

" Now, at this day, come the parties herein, by their respective attorneys, and the motion to set aside sheriff's sale heretofore filed is taken up, considered by the court, and is by the court sustained and the sale is set aside, and the sheriff is ordered to pay back the purchase money to the purchaser; and it is ordered and adjudged by the court that the defendants pay all costs in this behalf expended, and that execution issue therefor."

The evidence tended to prove the averments of the motion. And the defendants appeal to this court.

I. The appellants insist that the circuit court erred in setting aside the sale, first: Because under the evidence and motion no sufficient grounds for such action were shown to the court; and secondly, because the plaintiff in the execution and the sheriff who made the sale were not

made parties to the proceedings and had no notice of its
pendency.

This court has repeatedly held that it is the duty of
courts to see that their process is not abused or perverted
to the oppression of individuals ; and if it appear at the re-
turn day that process has been executed in an illegal or op-
pressive way, summary redress will be afforded. *Ray v.
Stobbs,* 28 Mo. 36. Courts exercise the power to vacate sales
upon motion at the return day for many causes. " There is
scarcely any fraud or irregularity either in the issuing, form
or execution of a writ, which may not be made the occa-
sion for a motion to vacate a sale." Freeman on Ex., § 308.
A sale may be vacated on account of the misconduct of the
officer, or of the plaintiff, or of the defendant, or of the
purchaser. And for accident, or mistake, or inadvertence,
when shown to have operated injuriously upon the inter-
ests of the complainant. § 308, *supra; Neiman v. Early,*
28 Mo. 475 ; *Cummings' Appeal,* 23 Penn. St. 509 ; *Beach v.
Dennis,* 47 Ala. 262.

II.   In *Neiman v. Early,* 28 Mo. 475, Judge Napton, in
delivering the opinion of the court, held that : " The court
had power over the execution of its process until the officer
returned it, and it is not believed to be the practice in such
cases, or essential to the exercise of the power of the court
that the bidders or purchasers should be notified.    *       *
So long as the term lasts, the matter is in the power of the
court to take such steps as under the circumstances may be
thought just and prudent." But in the case at bar no such
question arises as to the purchasers, because the record
shows them to have appeared and defended and as here
seeking a reversal of the judgment.

It remains, therefore, to consider the question of want
of notice to the plaintiff in the execution, and to the sheriff
or officer who made the sale. The better practice would
seem to require notice to all the parties in interest. The
plaintiff, the defendant and the purchaser are all interested
and their rights would in no manner be affected by the pro-

ceeding, unless they had their day in court. Freeman on Ex., § 306; 3 Ia. 241; 13 Ia. 461. When the officer who made the sale has no direct interest in its maintenance, it would seem notice to him is not necessary. Freeman on Ex., § 306 *supra; Beach v. Dennis,* 47 Ala. 262. But while the rights of parties who may be interested are in no wise affected unless they have notice, yet who can take advantage of it? Clearly not the purchaser when he resists the vacation of the sale. His interest in this case is to maintain the validity of the sale, and his rights are not interfered with by reason of want of notice to the plaintiff and the sheriff, and he has no right to complain.

Let the judgment be affirmed. All concurring.