Burden v. Taylor.

---

BURDEN *et al:* v. TAYLOR, *Appellant.*

Division One, July 9, 1894.

1. **Partition Sale:** SHERIFF'S DEED: APPROVAL OF COURT. A sheriff's deed in partition made before approval of the sale by the court confers no title.

2. ———: SETTING ASIDE SHERIFF'S DEED: NOTICE TO PURCHASER. Such sale may be set aside upon its report to the court without notice to the purchaser, but it seems it is otherwise as to ordinary execution sales.

3. **Tax Deed:** RECITALS: STATUTE. A tax deed containing no recitals showing that all the statutory requirements have been complied with is void on its face.

4. **Ejectment:** TAX DEED: PAROL EVIDENCE. In ejectment parol evidence to supply defects in a tax deed void on its face is inadmissible.

*Appeal from DeKalb Circuit Court.*—HON. C. H. S. GOODMAN, Judge.

AFFIRMED.

*Casteel & Haynes* and *Brown & Imel* for appellant.

(1) The partition sale ordered by the Atchison circuit court was "for cash in hand." It was the duty of the sheriff of DeKalb county to collect the purchase

price at the time of the sale, and if it was not paid, to resell the land. G. S. 1865, 614, sec. 31; *Id.*, 645, secs. 45, 46; *Hewitt v. Lally*, 51 Mo. 93; *Goode v. Crow*, 51 Mo. 212. And instantly, upon the payment of the purchase price, the purchaser became entitled to a deed which should be a bar against all persons interested in the premises who had been parties to the proceedings, and against all other persons claiming from such parties or either of them. *Davis v. Green*, 102 Mo. 170, 179; G. S. 1865, 614, sec. 34. The approval of the sheriff's report by the court was not required by statute, and constituted no part of defendant's title. The final judgment of the court in case of sale of lands in partition was the order of distribution (G. S. 1865, p. 615, sec. 39) just as the confirmation of the commissioner's report and judgment thereon was made the "final judgment" in case of a partition in kind. (*Id.*, 613, sec. 25), and the record of the sheriff's deed was intended to have the same effect as evidence and notice of title, as the record of the commissioner's report under section 26 (G. S. 1865, 613). R. S. 1855, secs. 23, 24, 26, 27, 39, 40; G. S. 1865, secs. 22, 23, 24, 25, 26, 28, 30; *Durham v. Darby*, 34 Mo. 447; *Hinds v. Stevens*, 45 Mo. 209; *Murray v. Yates*, 73 Mo. 13. See, also, *Akers v. Hobbs*, 105 Mo. 127. (2) Defendant having purchased at the sheriff's sale in DeKalb county, paid his money and received his deed regularly acknowledged in open court by the sheriff, and having gone into actual possession of the land, could not be affected by the proceedings begun in the Atchison circuit court at the second term afterwards, of which he had no notice. *George v. Meddough*, 62 Mo. 549; *Dunbar v. Weightman*, 51 Mo. 432; *Ray Co. v. Barr*, 57 Mo. 290; *Clarmorgan v. O'Fallen*, 10 Mo. 112; *McKee v. Logan*, 82 Mo. 528; *Lyster v. Browne*, 13 Iowa, 461; *Delaplaine v. Hitchcock*, 6 Hill, 14; *Dauw v. Bart*, 1

Wend. 89; *Elim v. Green*, 1 Blackford, 53; *Toler v. Ayers*, 1 Texas, 398; *Bank v. Marsh*, 2 Eng. 390; *Clark v. Grayson*, 2 Ark. 149; *Wright v. Leclair*, 3 Iowa, 240. (3) The purchaser at this sale stands in the same position as if the parties to the partition had voluntarily conveyed to him. *Pentz v. Kenster*, 41 Mo. 447.

*John E. Burden* for respondents.

(1) A sale in partition is technically a judicial sale by the court, made under order of the court, and subject to its approval. And there is no sale until the report is approved by the court, and the purchaser's bid accepted by the court. The approval of such sales is within the discretion of the court. *Pomeroy v. Allen*, 60 Mo. 530; *Nieman v. Early*, 28 Mo. 475; Freeman on Executions [1 Ed.], sec. 311; Freeman on Partition [1 Ed.], secs. 544, 545, 548; *Buller v. Linzee*, 100 Mo. 95; *Patten v. Hanna*, 46 Mo. 314; *Goode v. Crow*, 51 Mo. 212; *Mitchell v. Jones*, 50 Mo. 438; R. S. 1879, section 3380; 76 Am. Dec. 297, and notes; 17 Am. and Eng. Encyclopedia of Law, 794, 795; 51 Pa. St. 58. (2) Until confirmation by the court, such sales are within the statute of fraud. *Hutton v. Williams*, 76 Am. Dec. 297. (3) There is a wide difference between execution sales, and sales in partition. *Patten v. Hanna*, 46 Mo. 314; Freeman on Executions [1 Ed.], sec. 311; Rorer on Judicial Sales, sections 590 to 599. (4) The purchaser at a sale in partition is not entitled to notice of a motion to set aside the sale. He is a mere volunteer, and by his bid submits himself to the jurisdiction of the court, and must take notice of all subsequent proceedings in the case, and follow up his bid to see that it is accepted. *Executors v. Cortlandt*, 2 Johnson Ch., 505; *Nieman v. Early*, 28 Mo. 475; *Pomeroy v. Allen*, 60 Mo. 530; Freeman on Cotenancy

and Partition [1 Ed.], sec. 545; Rorer on Judicial Sales, sec. 545; 1 Neb. 320; 14 Ves. 512. (5) The judgment and proceedings in the partition suit in the Atchison circuit court are not subject to collateral attack in the ejectment suit in the DeKalb circuit court. *Allen v. Gault*, 67 Am. Dec. 486; *Hutton v. Williams*, 76 Am. Dec. 306; *Freeman v. Thompson*, 53 Mo. 183; *Williams, v. Harrington*, 53 Am. Dec. 424; *Murphy v. Williamson*, 5 Central Law Jour. 116; *Brawley v. Ranney*, 67 Mo. 280; *Latrielle v. Dorleque*, 35 Mo. 233; *Akers v. Hobbs*, 105 Mo. 127; *Parkinson v. Caplinger*, 65 Mo. 292. (6) Until the sale is approved there is only an inchoate right of property raised in the purchaser, and if not approved the sale is void. *Loring v. Groömer*, 110 Mo. 642. Freeman, Dillon, Lawson, Void Judicial Sales, sec. 41. *McBain v. McBain*, 15 Ohio St. 337; *Curtis v. Norton*, 1 Ohio, 137; *Williamson v. Berry*, 8 How. (U. S.) 546; *Dickerson v. Talbot*, 14 Ben. Monr. 60; 1 R. S. 1879, sec. 3380. (7) The sheriff of DeKalb county can not oust the jurisdiction and discretion of the circuit court of Atchison county to pass upon the report of the sale, by executing to the bidder a deed, prior to making his report. No deed can be executed until the sale is approved. *Pomeroy v. Allen*, 60 Mo. 530; *Goode v. Crow*, 51 Mo. 212; *Nieman v. Early*, 28 Mo. 475. (8) The sheriff is not required to report the sale at any particular term of court. *Patton v. Hanna*, 46 Mo. 314.

BRACE, J.—This is an action in ejectment to recover eighty acres of land in DeKalb county, brought by John E. Burden, who claims the land in controversy as trustee for the other plaintiffs, who are the heirs at law and devisees of Benjamin F. Graves, deceased. The plaintiff, Burden, had judgment below and the defendant appeals.

Benjamin F. Graves died in 1873, seized in fee simple of the premises. On the twenty-ninth of July, 1878, a suit was instituted in the circuit court of Atchison county by some of said heirs and devisees against the others, for partition of the real estate of said deceased, including the land in controversy, the title to which became vested in them at his death, in which suit judgment for partition in due form of law was rendered and order of sale of said lands made and entered of record at the September term, 1879, of said court. By virtue of this judgment, the sheriff of DeKalb county, on the seventh day of April, 1880, sold the land in controversy to one James Ewart, for the sum of $60, and thereafter on the twelfth day of April, 1880, said sheriff executed, acknowledged and delivered to said Ewart a deed for said lands.

Afterwards, to wit, on the twenty-seventh day of September, 1880, that being the first day of the regular September term of said court, and the second term thereof after said sale was made, the said sheriff filed in said court his report of the sale of said land to said Ewart, and on the same day the parties to said partition suit filed in said court their motion to set aside said sale on the ground of gross inadequacy of price, which motion was by said court, on the twelfth day of said term, sustained, and the sale set aside and annulled, and it was ordered by the court that the sheriff of DeKalb county sell said real estate at some term of the circuit court of said county, in accordance with the decree of partition, aforesaid, and that he report his proceedings, etc. In pursuance of this order, the said sheriff afterwards, to wit, on the fifth day of April, 1881, sold said land to the plaintiff, John E. Burden, for the sum of $45, and made report thereof to said court at its September term, 1881, which report was duly approved by said court and said sheriff directed, by

order, entered of record, to execute a deed to said land to the said Burden.  In pursuance of which order, the the said sheriff, on the nineteenth day of October, 1883, duly executed, acknowledged and delivered a deed, conveying the premises to the said Burden, which deed he took, under an oral agreement to hold for the use and benefit of the parties to said partition suit, and under which he now claims title to the premises.

The defendant claims title under a quitclaim deed from said Ewart to Albert E. Putnam, dated August 19, 1880, and through mesne conveyances from him; also under a tax deed from the collector of DeKalb county to the said Ewart, of date November——, 1870.

I. The circuit court of Atchison county had jurisdiction of the proceedings in partition by reason of the fact that the greater part of the lands of which said Benjamin F. Graves died siezed were situate in that county and none of the parties entitled thereto resided in the counties in which such lands were situated.  The proceedings were regular to judgment of partition and order of sale under the statute.  R. S. 1879, chap. 56; G. S. 1865, chap. 152.  Under the statute, as it read in the revision prior to that of 1865, it was held that where the judgment of the court is for a partition of the property and directs the land to be sold by the sheriff, the judgment is final, and an appeal therefrom must be taken at the same term at which the judgment is entered.  *Durham v. Darby*, 34 Mo. 447; *Hinds v. Stevens*, 45 Mo. 209.  In the latter case a change in the law is noticed which was carried into the revision of 1865, and since then it has been uniformly held that a report by the sheriff of his proceedings under the order of sale and the approval by the court of that report is required, and that, until such approval, the case is still pending.  *Pomeroy v. Allen*, 60 Mo. 530;

*Parkinson v. Caplinger*, 65 Mo. 290; *Murray v. Yates*, 73 Mo. 13; *Turpin v. Turpin*, 88 Mo. 337; *Harbison v. Sanford*, 90 Mo. 477; *Holloway v. Holloway*, 97 Mo. 628; *Buller v. Linzee*, 100 Mo. 95.

It was accordingly held in *Pomeroy v. Allen, supra,* that "in partition sales the sheriff must report his proceeding to the court, and until there is an approval or confirmation of the same, no deed can be executed." Although under the statute of 1855 it was held that an appeal would lie from an order of sale in partition, it was also held under that law, that the court retained control of the sale and of the execution of the deed in pursuance thereof (*Neiman v. Early*, 28 Mo. 275; *Fortune v. Fife*, 105 Mo. 433), and that the court, having control over the execution of its own process, could, at the term to which the report of the sale was made, set the same aside without notice to the purchaser. *Neiman v. Early, supra.*

We are cited to a number of cases in which it is held that sales under execution can not be set aside without notice to the purchaser, but these cases are not in point. *Patton v. Hanna*, 46 Mo. 314. A confirmation of the sale in such cases is not necessary, but sales made under order of court in partition are made subject to the approval of the court. "Sales of land by order of the court in proceedings for partition are judicial sales. As such they must be reported to the court for confirmation, and until confirmed they are of no effect." Rorer on Judicial Sales [2 Ed.], sec. 399. "Such approval is essential to the consummation of the sale. Without it there is no authority for making any conveyance to the purchaser, and a conveyance without authority is obviously void." Freeman on Void Judicial Sales, sec. 43; Freeman on Cotenancy and Partition [2 Ed.], secs. 544, 545; 2 Freeman on Executions [2 Ed.], sec. 311.

It follows that Ewart, under whom defendant claims, acquired no title to the premises by his sheriff's deed, made in pursuance of the first sale, which, upon report thereof to the court, was set aside; and that the plaintiff, Burden, did acquire the title of the parties to the partition suit by his sheriff's deed, executed in pursuance of the second sale, which was approved by the court, and that he holds the legal title to the premises, unless the title of the said Graves was divested by the tax deed of November, 1870, aforesaid.   That deed is as follows:

"STATE OF MISSOURI,  ⎫
                     ⎬ ss.
"County of DeKalb.   ⎭

"*To all to whom these presents shall come:*

"I, Daniel Ransom, collector of the state and county revenue for the county of DeKalb, and state of Missouri, send greeting:

"Whereas the tracts of real estate hereinafter described, situated in the county of DeKalb and state of Missouri, were each subject to taxation for the year A. D. 1867, and, whereas the state and county taxes on the same, assessed in the name of the persons hereinafter set forth, remained due. the state, amounting to the respective sums hereinafter set forth, including the interest thereon, and, whereas, on the —— day of ——, 18—, a judgment was rendered in the county court of Dekalb county, in the name of the state of Missouri, against the real estate, to wit:

"The southeast quarter of the southeast quarter of section thirty-two (32), and the southeast quarter of the southeast quarter of section thirty-three (33), all in township 60, of range 31, the same being the amount of taxes due and unpaid upon each of said tracts for the year 1867, and for the interest and costs thereon, legal notice having been given of the delin-

quency by first publishing a list of all the delinquent land and town lots, upon which the tax of 1867 remained due and unpaid, embracing the lands aforesaid as the law directs, and, whereas, on such judgment, a precept was, on the —— day of ——, 18—, issued from the office of the clerk of said county, directed to the clerk of the county aforesaid, and the same was delivered to the said collector on the —— day of ——, 18—, by virtue of which precept said collector did, on the —— day of October, 1868, at the courthouse door of said county, in conformity with all the regulations of the statute in such cases made and provided, expose each of the above described tracts of real estate, respectively, to public sale for the amount of the tax, interest and cost due from each of the same, respectively, at which sale James Ewart, of DeKalb county, Missouri, being the best bidder for the least quantity of the same, respectively, as above set forth, and having paid then and there the said purchase money of each of the said tracts as stated, as appears on the certificate of purchase then and there made, and, whereas said described real estate has remained unredeemed up to this date, more than two years having expired since said sale, now, therefore, in consideration of the premises, and of the several sums of purchase money by the said Ewart paid, as shown by the certificate of purchase above mentioned, and to me this day produced, I, Daniel Ransom, collector as aforesaid, do hereby grant, sell and convey unto the said James Ewart, his heirs and assigns, forever, each and all of the above described tracts of real estate purchased by him as aforesaid, and all the right, title and interest of the owners at the time of said sale in and to each of the same, which are respectively assessed, as above set forth. To have and to hold the same unto the said James Ewart, and to his

heirs and assigns, forever, and subject only to the redemption in the case of infants and lunatics, as provided by law.

"Witness my hand and seal at office, in Maryville, this —— day of November, 1870.

"[SEAL]                    DANIEL RANSOM,
               "Collector of DeKalb County."

As will be observed, this deed is a mere skeleton, and is defective in so many respects that it would be tedious to particularize them. Although the statute under which it was executed (G. S. 1865, chap. 13, sec. 112), did not require the collector to make any recitals in the deed, or prescribe a form therefor, and undertook to make the deed conclusive evidence that the statutory requirements in regard to the sale and transfer of a citizen's property for delinquent taxes, had been complied with, except in the three particulars therein mentioned; yet it was held that, as the power of the collector to make such transfer depended upon a compliance with those requirements, it was not within the power of the legislature to dispense with proof of such as were essential, and, unless it affirmatively appeared from the recitals of the deed that the essential prerequisites of the statute had been substantially complied with, the deed was void on its face and would convey no title, and that such statements of the collector as, that "legal notice had been given as the law directs," or of his conclusions as to other jurisdictional facts, amounted to nothing. *Abbott v. Lindenbower*, 42 Mo. 162; *Einstein v. Gay*, 45 Mo. 62; *Lagroue v. Rains*, 48 Mo. 536; *Large v. Fisher*, 49 Mo. 307; *Spurlock v. Allen*, 49 Mo. 178; *State ex rel. v. Mantz*, 62 Mo. 258; *Spurlock v. Dougherty*, 81 Mo. 171; *Moore v. Harris*, 91 Mo. 616. Under these authorities, and others that might be cited, there can be no ques-

tion that the tax deed was void upon its face and that the court committed no error in rejecting it.

After the court had refused to permit the tax deed to be read in evidence, the defendant introduced Ransom, the collector, as a witness, who testified that all the records of DeKalb county, including the tax records, had been destroyed by fire, and offered to prove by him in detail that the several prerequisites of the statute had been complied with before said deed was executed. Defendant also offered in evidence a copy of a newspaper, published May 28, 1868, containing the land delinquent list for 1867, with notice of application for judgment thereon—all for the purpose of validating said tax deed and rendering the same admissible as evidence; which offer the court refused, and in doing so committed no error.

Without stopping to notice the many particulars in which this offer failed to cover the prerequisites of the statute, pointed out in the brief of the counsel for the respondent, it is sufficient to say that the essential matters which were thus offered to be proved by parol testimony were matters of record, which could only be proved by the record, or, in the case of their destruction, by evidence of their contents. In this case there was no place for such evidence. The issue was simply the general issue in ejectment, in the trial of which the only thing in issue was the legal title, and evidence, the purpose of which was to supply the defects of a deed, void on its face, so that it might thereby be reformed and operate as a valid deed and convey the legal title, was not admissible under the pleadings.

The judgment is affirmed. All concur. BARCLAY, J., concurs in the result.