## CLARK et al. v. SIRES, Appellant.

Division One, February 22, 1906.

1. **PARTITION.** No additional estate is conferred upon the partitioners by a suit and judgment in partition.

2. **REMAINDERMEN: Sale During Life of Lifetenant.** A deed conveyed land to a wife for life and the remainder to the heirs of her body, and the wife and certain of the children joined in a deed to a purchaser. *Held*, that the grantee acquired the interest of such of those children as survived the mother, but did not acquire anything from such of them so joining in the deed as did not survive her, whether they died leaving children of their own or not.

3. **PARTITION SALE:** No Approval.  A sale of land by the sheriff under a judgment in partition is a judicial sale, and must receive the approval of the court to be valid.  A deed made in 1870 by the sheriff before the sale was reported, and the report thereafter made having never been appoved or the sale confirmed by the the court, passed no title to the purchaser.

4. ———: ———: Implied from Record Entries.  The confirmation of the sale in partition, being a final judgment, must appear upon the record in unequivocal terms, and will not be inferred from recitals of doubtful meaning.

Appeal from Grundy Circuit Court.—*Hon. J. W. Alexander,* Judge.

AFFIRMED.

*Harber & Knight* and *Peery & Lyons* for appellant.

(1)  The contingent remainder vested in the parties to the partition suit was a sufficient interest to authorize the court to make partition. Those persons who constituted the presumptive heirs of Cynthia Clark, or their grantee, were before the court, and they represented all who might afterwards become entitled to the estate.  Reinders v. Koppleman, 68 Mo. 482; Sikeman v. Galvin, 124 Mo. 367; Sparks v. Clay, 185 Mo. 393. The plaintiff in the partition suit, though the owner of the life estate, was also part owner in the remainder, and was therefore entitled to maintain partition against the other remaindermen.  Atkinson v. Brady, 114 Mo. 200; Hayes v. McReynolds, 144 Mo. 348.  (2)  The order of publication was regular and sufficient and the judgment rendered thereon was as valid as if made on personal service.  Tooker v. Leake, 146 Mo. 419.  And if there were irregularities or informalities in the notice by publication, the judgment would not thereby be open to collateral attack.  Adams v. Cowles, 95 Mo. 501; Schmidt v. Neimeyer, 100 Mo. 207; Charley v. Kelley, 120 Mo. 134; Cruzen v. Stephens, 123 Mo. 134;

Winningham v. Trueblood, 149 Mo. 572. (3) The judgment found entered on the records of the court is conclusively presumed to be the judgment of the court. Parol evidence is not admissible to overthrow it. If interlineations appear in it they are presumed to have been directed by the court. Adams v. Betz, 1 Watts (Pa.) 425; Belkin v. Rhodes, 76 Mo. 643; Railroad v. Holschloz, 144 Mo. 253; 1 Black on Judg. (2 Ed.), sec. 124. (4) Even though judgment should be held void as to the defendant Mildred Allen, because it is shown her true name was Mildred Lieuallen, still this would not affect its validity and binding force as to the other parties to the action. Brawley v. Ranney, 67 Mo. 280; Cochran v. Thomas, 131 Mo. 258; Stevenson v. Black, 168 Mo. 549. The court had a perfect right to direct the correction of any omission or mistake in the entry of the judgment. And such correction could be made by interlineation without impairing the judgment or rendering it void. Allen v. Sales, 56 Mo. 28; Stevenson v. Block, 168 Mo. 561. (5) The judgment in the partition suit and the sale thereunder cannot be attacked collaterally. 1 Black on Judg. (2 Ed.), secs. 245, 246, 252, 261, 262; Akers v. Hobbs, 105 Mo. 127; Hope v. Blair, 105 Mo. 93; Lewis v. Morrow, 89 Mo. 174; Hamer v. Cook, 118 Mo. 476; McKenzie v. Donnell, 151 Mo. 450. (6) The final order made in the partition case is sufficient to show an approval or confirmation of the sale. 17 Am. and Eng. Ency. Law (2 Ed.) 992; 1 Black on Judg. (2 Ed.), sec. 123. Without an order of confirmation the sheriff and purchaser take on themselves the risk of determining that the case is one in which such an order would be fit and proper, if the case be really such, then the order will be presumed to have been made and its actual entry of record is unnecessary. Brown v. Cable, 76 N. C. 391; Fleming v. Roberts, 84 N. C. 532. (7) The approval of the sale need not necessarily appear by formal entry. It is sufficient if the approval can be gathered from the whole record.

Jones v. Manley, 58 Mo. 564; Henry v. McKerle, 78 Mo. 430; Grayson v. Weddle, 63 Mo. 523; Carey v. West, 139 Mo. 179; Long v. Joplin M. & S. Co., 68 Mo. 422; Gilbert v. Cooksey, 69 Mo. 42; Moore v. Davis, 85 Mo. 464; State to use v. Jones, 89 Mo. 470; Noland v. Barrett, 122 Mo. 190. (8) The sheriff's sale and deed thereunder cannot be collaterally attacked for the want of a confirmation of the sale, for any irregularity which does not affect the jurisdiction of the court. Evans v. Robberson, 92 Mo. 192; Matney v. Graham, 50 Mo. 559; Lewis v. Morrow, 89 Mo. 174; Homer v. Cook, 118 Mo. 476; Miller v. McMannis, 104 Ill. 421; Reed v. Austin, 9 Mo. 722; 17 Am. and Eng. Ency. Law (2 Ed.), 1033; Price v. Real Est. Assn., 101 Mo. 107. (9) Every presumption is to be indulged in favor of the validity of the judgment and sale thereunder. Especially is this true where such a length of time has elapsed as in this case. Davis v. Green, 102 Mo. 170; McClanahan v. West, 100 Mo. 309; Williams v. Mitchell, 112 Mo. 300; Brown v. Oldham, 123 Mo. 631; 1 Black on Judg. (2 Ed.), sec. 270; Homer v. Cook, 118 Mo. 476; Thomas v. Malcom, 39 Ga. 328; Childs v. McChesney, 20 Ia. 431; Osborn v. Weldon, 146 Mo. 185; Price v. Springfield. R. E. Co., 101 Mo. 107; Bray v. Adams, 114 Mo. 486; Adams v. Cowles, 95 Mo. 501.

*Platt Hubbell* and *George Hubbell* for respondent.

(1) In the trial court appellant agreed that Tabor's attorney had, with a lead pencil, changed the order of sale. Appellant there made no objection to this agreement being considered as evidence—in fact, made the agreement as a part of the evidence in the case. Defendant cannot change front here. He is bound by his trial court theory. Bray v. Seligman, 75 Mo. 40; Casler v. Chase, 160 Mo. 425; State v. O'Neill, 151 Mo. 81. (2) The Austin-Clark deed conveyed a life estate to Cynthia Clark, remainder in fee

to the heirs of her body. Under this deed plaintiffs are entitled to eight-tenths of the land in controversy. Phillips v. LaForce, 89 Mo. 72; Tesson v. Newman, 62 Mo. 198; Frame v. Humphreys, 164 Mo. 346; Utter v. Sidman, 170 Mo. 284; Christ v. Kuehne, 172 Mo. 118. (3) The children and heirs of Cynthia Clark had no remedy but this one. Revised Statutes 1899, section 806, allowing appeals from interlocutory judgments, was not in force when this partition proceeding was had. Revised Statutes 1899, sec. 650, is of recent enactment. "Appeals can only be taken from a final judgment either under the general practice act, or the statute regulating procedure in cases of partition. In a partition suit the order of sale is is not a final judgment from which an appeal will lie." McMurtry v. Glascock, 20 Mo. 432; Holloway v. Holloway, 97 Mo. 639; Murray v. Yates, 73 Mo. 13. "The order of sale is not a final judgment, from which an appeal will lie. It is the order of approval and distribution which constitutes the final judgment." Turpin v. Turpin, 88 Mo. 340; Goode v. Lewis, 118 Mo. 361. It follows from the foregoing that the children and heirs of Cynthia Clark had no remedy by appeal, with respect to the partition proceeding. Since the sheriff's deed is void for the reason that there was no report of sale and no approval thereof, ejectment is the proper remedy. McClanahan v. West, 100 Mo. 323; Baldwin v. Dalton, 168 Mo. 30. The quit-claim deeds executed by Ellen Warmoth and James G. Clark (the only remaindermen whose interests, in this proceeding, involve quit-claim deeds) conveyed no title for the reason that these remaindermen died before the life tenant. Godman v. Simmons, 113 Mo. 132; Emmerson v. Hughes, 110 Mo. 631; Butler v. Fitzgerald, 27 L. R. A. 255. (4) This partition proceeding violates both the spirit and the letter of the foregoing rule. Its purpose is, not to relieve Willian B. Tabor of any of the inconveniences of a joint tenancy, but, to secure the fee simple title to this 160 acres of land for nothing

and by a trick. This purpose will fail for the reason that the proceeding was conducted in such a way that the sheriff's partition deed is void. Sale by sheriff and sheriff's deed void because no report of sale and no confirmation thereof. Sparks v. Clay, 185 Mo. 407; Pomeroy v. Allen, 60 Mo. 530; Wauchoupe v. McCormick, 158 Mo. 667; Burden v. Taylor, 124 Mo. 12; G. S. 1865, p. 615; Bone v. Tyrrell, 113 Mo. 186; Valle v. Fleming, 19 Mo. 463; Rorer on Jud. Sales, secs. 12, 336, 459; Stephens v. Ells, 65 Mo. 460; 21 Am. and Eng. Ency. Law (2 Ed.), 1162, 1205; 17 Am. and Eng. Ency. Law (2 Ed.), 989; Vanfleet, Collateral Attack sec. 14; Campe v. Sancier, 24 Am. St. Rep. 274; Hutchinson v. Shelly, 133 Mo. 412. Sale void because no notice of application for the order of sale that was made. Janney v. Spedden, 38 Mo. 402; Holland v. Johnson, 55 Mo. 50; Bobb v. Woodward, 42 Mo. 489; Roberts v. Co., 126 Mo. 469; G. S. 1865, p. 681, sec. 12. Sale void because no order of sale upon which to base the sale that was made. Hughes v. Hughes, 72 Mo. 138; Burnham v. Hitt, 143 Mo. 421; Evans v. Snyder, 64 Mo. 518; Stoffel v. Reiners, 3 Mo. App. 39; Freeman on Void Judicial Sales (4 Ed), sec. 36.

BRACE, P. J.—The petition in this case is in two counts. The first is in the ordinary form in ejectment to recover the possession of the northwest quarter of the southwest quarter of section thirteen, township sixty-two, range twenty-five, in Grundy county; and the second is under section 650, Revised Statutes 1899, to quiet the title to the same.

The answer was a general denial, and a plea of the Statute of Limitations.

The case was tried before the court without a jury. The judgment was for the plaintiffs for eight-tenths of the land sued for and a decree quieting the title to the same, and the defendant appeals:

James Austin is the common source of title. By

his deed, dated the 10th day of November, 1851, the title to the real estate in question, together with other lands, was vested in Cynthia Clark, wife of Orverly S. Clark, for life, remainder in fee simple to the heirs of her body. Her husband died in August, 1859, and she died on the 22nd of September, 1902, and this suit was instituted on the 15th of January, 1903. Thirteen children were born to the said Cynthia, of whom six died before their mother. Three, Missouri Ann, Elizabeth and Joseph H., childless; and three, Ellen, Nicholas S. and James G., each leaving children who survived their grandmother. The other seven children who survived their mother were John G., Overly S., William A., Mildred J., Julia, Nancy J. and Casander. After the death of Cynthia Clark and before the commencement of this suit, the said William A., by deed, acquired the title of the said John G., Mildred J. and Julia in the premises; and he, the said Overly S., the children of the said James G., the children of the said Nicholas S. and the children of the said Ellen, deceased as aforesaid, are the plaintiffs herein, and as remaindermen are entitled to an undivided eight-tenths of the premises, unless their title has been divested.

By deed dated the 7th day of April, 1865, the said Cynthia Clark and two of her children, the said Nancy J. and Ellen, conveyed their title in the premises to one William B. Tabor. By deed, dated July 26, 1867, the said James G. conveyed all his title as heir of Overly Clark's estate in the premises to the said Tabor. By deed, dated June 6th, 1868, the said Casander conveyed her title to the premises to the said Tabor, and thereafter the sheriff of Grundy county conveyed the premises to the said Tabor by the following deed duly acknowledged, to-wit:

"To all to whom these presents shall come, I, Nathan A. Winters, as the sheriff of Grundy county in the State of Missouri send greeting:

"Whereas, in the case of William B. Tabor, plaintiff, against John Clark, William Clark, Nicholas Clark and Mildred Allen, —————— Allen, her husband, Julia A. Clark, Orville S. Clark, defendants, it is ordered by the circuit court of Grundy county aforesaid at the March term thereof, A. D., 1870, that the following lands in said county to-wit: The west half of the southwest quarter of section 13, and the east half of the southeast quarter of section fourteen, in township sixty-two of range twenty-five, subject to the life estate of Cynthia C. Clark, be sold for petition and division among plaintiff and defendants for cash in hand, and whereas in pursuance of said order of sale, I, as the sheriff of said county, caused a notice that said lands would be offered for sale at public vendue at the court house door of said county on the 5th day of September, A. D., 1870, between the hours of 9 o'clock a. m. and 5 o'clock p. m. of that day, and during the sitting of said court, for cash in hand, to be published in the (Grand River Republican) a weekly newspaper printed and published in said county, for at least twenty days prior to said day of sale, and whereas at the time and place and on the terms last aforesaid, I, as sheriff as aforesaid, having previously ascertained that said lands altogether constituted one farm and could be more advantageously sold in a body than it could be in separate lots, tracts, or subdivisions, offered said lands for sale in one body at public auction, and William B. Tabor being the highest and best bidder for the whole of said land subject to the life estate of the said Cynthia Clark at and for the price and sum of $100, the same was stricken off and sold to him for that sum, and, whereas, the said William B. Tabor did fully comply with the terms of said sale and did pay to me as sheriff as aforesaid the sum of $100.   Now, therefore, in consideration of the premises, I, said Nathan A. Winters, as sheriff aforesaid, do hereby sell, transfer and convey the real estate aforesaid subject to the

life estate aforesaid, to him, the said Wm. B. Tabor, his heirs and assigns forever. In witness whereof, I have subscribed my name and affixed my seal as sheriff, as aforesaid, this 8th day of September, A. D., 1870.

"N. A. WINTERS,
"(Seal.)          Sheriff."

Afterwards, by mesne conveyances the defendant acquired all the right, title and interest of the said Tabor to the premises, and claims that by virtue of the conveyances aforesaid the title of all the remaindermen had been vested in him.

I. As in partition no additional estate is conferred upon the partitioners (Whitsett v. Wamack, 159 Mo. 14; Harrison v. McReynolds, 183 Mo. 539; Sharp v. Stewart, 185 Mo. 518), the first question to be determined is, what interest in the premises did Tabor acquire by the deeds aforesaid other than that of the sheriff? By the deed of Cynthia and her two children, Nancy J. and Ellen, he acquired the life estate of the said Cynthia, and the said Nancy J. having survived her mother, he also acquired her remainder, or an undivided one-tenth interest in the premises in fee simple. But as the said Ellen did not survive her mother that was all the interest he acquired in the remainder by that deed, and as the said James G. did not survive his mother he acquired no interest in the remainder by that deed even if it had contained apt words conveying his interest in the remainder, which it did not, and as the said Casander also survived her mother, by her deed he acquired her interest in the remainder or another undivided tenth interest in fee simple in the premises, and these two-tenths was all the interest he acquired in the fee simple remainder by the foregoing deeds. [Emmerson v. Hughes, 110 Mo. 627; Goldman v. Simmons, 113 Mo. 122.] This brings us to the main question in the case.

II. What interest, if any, did he acquire by the sheriff's deed aforesaid conveying the premises, with

other lands, to the said Tabor? This question must be
determined upon the record of the court in the parti-
tion proceeding in which it was made, the whole of
which was offered in evidence to impeach it, and by
which it appears that on the 11th of June, 1869, a suit
in partition was instituted in the Grundy Circuit Court
by petition, as follows:

"William B. Tabor, Plaintiff, v. John Clark,
Nicholas Clark, Mildred Allen, —Allen her husband,
Julia A. Clark, Orville S. Clark and William Clark, De-
fendants.

"Plaintiff states that plaintiff and defendants
are the owners and hold in joint tenancy the re-
mainder after the expiration of the estate during
the natural life of Cynthia C. Clark of the follow-
ing lands in Grundy county, Missouri, to-wit: The
west half of the southwest quarter of section thir-
teen; the east half of the southeast quarter of sec-
tion fourteen, in township sixty-two, of range
twenty-five.

"That the rights of all persons in said real es-
tate are as follows, to-wit: The plaintiff is entitled
to four-tenths of said real estate, and that defend-
ants John Clark, Nicholas Clark, Mildred Allen,
Julia A. Clark, Orville S. Clark and William Clark
are each entitled to one-tenth of said real estate,
all subject however to the said estate during the
natural life of said Cynthia C. Clark.

"Plaintiff states that he knows of no other
person or persons holding or claiming any interest
in said remainder in said real estate and that the
rights of all the parties therein are hereby cor-
rectly stated.

"That the amount and situation of said real
estate and the number and parties interested
therein are such that division thereof in kind can-
not be made without great injury to the interests
of the owners thereof.

"Plaintiff asks that partition and division of said remainder of said lands be made among the parties thereto entitled. That the interests of the parties be decreed as herein set forth and that the land be sold for the purpose of partition and division as aforesaid and for such other and further relief as may seem just."

The petition was signed by the attorneys, verified by the affidavit of one- of them, in which it was alleged that all of the defendants were non-residents of the State of Missouri. (At that time the said Tabor was the owner of the life estate of the said Cynthia Clark. The said John G., William A., Nicholas S., Mildred J. and Overly S. were all non-residents of the State of Missouri. The said Mildred J. was the wife of A. A. Lieuallen, and the said William A., Mildred J. and Julia were minors.)

On the same day an order of publication in the usual form, entitled as in the petition, was made and issued by the clerk of said court against the defendants named in the caption thereof, notifying them that said plaintiff had commenced suit against them and "that the object and general nature of his petition is to obtain partition and division among the parties to said suit of the remainder after the expiration of the estate during the natural life of Cynthia C. Clark of the following lands in said county" (describing the same as in the petition), and requiring them to appear and answer the same at the September term, 1869, of said court, etc., at which term proof of publication of said notice was duly made, a guardian *ad litem* for the infant defendants (without naming them) was appointed, and judgment by default against the adult defendants (without naming them), was entered, and the cause continued. At the next ensuing March term of said court and on the 9th of March, 1870, the order of sale recited in the sheriff's deed was made without any appearance of or

answer by the guardian *ad litem* so far as the record shows. The order as entered of record of that date, in ink, in the hand writing of the clerk with certain lead pencil interlineations therein which it was admitted on the trial were in the hand writing of one of the plaintiff's attorneys in said proceedings, is as follows; the interlineations being in parenthesis:

"Now at this day comes up to be heard and determined the above-entitled cause by the court here and appears the plaintiff by his attorney, but all of said defendants being solemnly called comes not but further makes default, whereupon the court here having heard the proof adduced on the part of the plaintiff and being well advised as to the law and facts of the case, doth find that the lands described in plaintiff's petition are not susceptible of partition and division in kind without great prejudice to the owners thereof, and the court doth further find that plaintiff William B. Tabor is entitled to four-tenths of said real estate and that defendants, John Clark, Nicholas Clark, Mildred Allen, Julia A. Clark, Orville S. Clark and William Clark are each entitled to one-tenth of (the remainder of) said real estate all (of said real estate being) subject to the life interest of Cynthia C. Clark as stated in plaintiff's petition. It is therefore, ordered, adjudged and decreed by the court here that the sheriff of Grundy county in the State of Missouri, sell the (said remainder of the) lands described in the petition of the plaintiff herein (after the expiration of said life estate of said Cynthia C. Clark) viz.: The west half of the southwest quarter of section number thirteen, the east half of the southeast quarter of section number fourteen, in township number sixty-two, of range twenty-five, at public auction to the highest and best bidder at the court house door in the town of Trenton, in the county and State aforesaid, for cash in hand, and that the said sheriff report his proceedings to the court

193 Sup——33

herein as the law directs. And it is further ordered that Peery and Burkeholder be allowed the sum of fifty dollars as attorney fee in this cause and the cause continued.''

At the next ensuing September term of said court and on the 5th of September, 1870, the sale was made and on the 7th day of September, 1870, by an entry of record of that date, the cause was ''continued to await sheriff's report,'' and on the next day (the 8th of September, 1870), the sheriff's deed was executed.

At the next ensuing March term of said court, and on the 11th day of March, 1871, by an entry of record of that date, the cause was ''continued to await sheriff's report,'' and at the next September term of said court, and on the 9th of September, 1871, the following entry of that date appears: ''Now at this day comes Nathan A. Winters, sheriff, and files his final report in this cause, and this case being settled, it is ordered by the court that the parties hereto go hence without day.'' And this was the last entry of record in the case, and the only one at that term except a memorandum on the judge's docket consisting of the single word, ''Settled.'' And with these entries the case disappeared from the records of the court.

It thus appeared on the face of the record that the sale was not made in pursuance of the order of the court as entered by the clerk on the record of the court, but in pursuance of the order as altered by the plaintiff's attorney; that the deed was executed before the sale was reported to the court; it does not appear that the sheriff's report was ever approved or the sale confirmed by the court. The law in force at the time these proceedings were had was chapter 152, General Statutes 1865, under which in Burden v. Taylor, 124 Mo. 12, we held that under that statute ''a sheriff's deed in partition made before approval of the sale by the court confers no title,'' and in regard to such proceedings, said:

''Under the statute, as it read in the revision prior

to that of 1865, it was held that where the judgment of
the court is for a partition of the property and directs
the land to be sold by the sheriff, the judgment is final,
and an appeal therefrom must be taken at the same
term at which the judgment is entered.  [Durham v.
Darby, 34 Mo. 447; Hinds v. Stevens, 45 Mo. 209.]  In
the latter case a change in the law is noticed which was
carried into the revision of 1865, and since then it has
been uniformly held that a report by the sheriff of his
proceedings under the order of sale and the approval
by the court of that report is required, and that, until
such approval, the case is still pending.  [Pomeroy v.
Allen, 60 Mo. 530; Parkinson v. Caplinger, 65 Mo. 290;
Murray v. Yates, 73 Mo. 13; Turpin v. Turpin, 88 Mo.
337; Harbison v. Sanford, 90 Mo. 477; Holloway v.
Holloway, 97 Mo. 628; Buller v. Linzee, 100 Mo. 95.]

"It was accordingly held in Pomeroy v. Allen,
supra, that 'in partition sales the sheriff must report
his proceeding to the court, and until there is an ap-
proval or confirmation of the same, no deed can be ex-
ecuted.'  Although under the statute of 1855 it was held
that an appeal would lie from an order of sale in parti-
tion, it was also held under that law, that the court re-
tained control of the sale and of the execution of the
deed in pursuance thereof (Neiman v. Early, 28 Mo.
475; Fortune v. Fife, 105 Mo. 433); and that the court,
having control over the execution of its own process,
could, at the term to which the report of the sale was
made, set the same aside without notice to the pur-
chaser.  [Neiman v. Early, supra.]

"We are cited to a number of cases in which it is
held that sales under execution cannot be set aside with-
out notice to the purchaser, but these cases are not in
point.  [Patton v. Hanna, 46 Mo. 314.]  A confirmation
of the sale in such cases is not necessary, but sales made
under order of court in partition are made subject to
the approval of the court.  'Sales of land by order of
the court in proceedings for partition are judicial sales.

As such they must be reported to the court for confirmation, and until confirmed they are of no effect.' [Rorer on Judicial Sales (2 Ed.), sec. 399.] 'Such approval is essential to the consummation of the sale. Without it there is no authority for making any conveyance to the purchaser, and a conveyance without authority is obviously void.' [Freeman on Void Judical Sales, sec. 43; Freeman on Co-tenancy and Partition (2 Ed.), secs. 544 545; 2 Freeman on Executions (3 Ed.), sec. 311.]''

Applying these principles to the case in hand, the deed in question having been made before the sale was reported, and the report thereof afterwards made, having never been approved or the sale confirmed by the court so far as the record shows, no title to the premises passed thereby to the said Tabor.

It is contended, however, that it is not necessary that approval of the sheriff's report and confirmation of the sale should appear by a formal entry but it is sufficient if such approval and confirmation can be gathered from the whole record. The confirmation of the sale was the consummation of, and the most important step in, the whole proceeding. It was the final judgment of the court from which alone an appeal could be taken, and when once rendered, imported absolute verity and was beyond impeachment except for fraud or want of jurisdiction. An act of such importance, and productive of such grave consequences, should undoubtedly appear upon the record in no equivocal terms. The whole of the record was given in evidence, and has been substantially set out herein, and nothing therein contained can be found indicating that the sale was confirmed. The only entries that could have had any bearing thereon were the last ones made in the case, and there is nothing therein contained showing or tending to show that the sheriff's report was considered or approved, or. that his sale was confirmed. On the contrary, the terms thereof tend rather to show that the re-

port of the sheriff was not considered or approved and the sale was not confirmed, because the case was "settled," when, where, by whom, or by what does not appear. The court may have thought that the mere filing of the report settled the case, and this seems the most reasonable inference to be drawn from these record entries, but, of course, that was a mistake. Apart from the fact that the property was sold for only about enough to pay attorney's fees and costs; that the plaintiff was the purchaser, and through the whole proceeding he had concealed the fact that he was the owner of the life estate and three-fifths of the defendants were infants, the record abounded in errors, omissions, misnomers and other irregularities, for which confirmation of the sale ought to have been withheld, some of which go only to some of the plaintiffs herein, and others to all of them. But, as upon the face of the record, it appeared that the sale was not made in accordance with the terms of the order of the court and was not thereafter confirmed by the court, no title passed by the sheriff's deed as against any of the plaintiffs herein. It is not necessary, therefore, to point out or comment on those defects.

The trial court correctly determined the effect of this deed, and the rights of the parties herein to the real estate in question, and its judgment is affirmed.

All concur.